Willie Mack MODDEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 69442.

Court of Criminal Appeals of Texas, En Banc.

Dec. 17, 1986.

J. Michael Askins, Lufkin, for appellant.

Gerald A. Goodwin, Dist. Atty. and Art Bauereiss, Asst. Dist. Atty., Lufkin, Robert Huttash, State's Atty., Austin, for the State.

---

1. In cases where an indigent is sentenced to death, the great majority of briefs submitted by appointed counsel on appeal conform to the rules of appellate procedure and are quite helpful to this Court in resolving the issues raised. Unfortunately, the brief submitted in the instant case presents a striking exception. The points of error are multifarious, contain incomplete or

OPINION

CAMPBELL, Judge.

Appeal is taken from a conviction for capital murder. V.T.C.A., Penal Code § 19.03(a)(2). After finding the appellant guilty, the jury returned affirmative findings to the special issues under Article 37.071, V.A.C.C.P. Punishment was assessed at death. We affirm.

The appellant was convicted of intentionally and knowingly causing the death of Deborah Davenport in the course of committing the offense of robbery. The appellant raises five points of error.[1] He challenges the denial of his motion in limine; the exclusion for cause of eleven prospective jurors; and the prosecutor's jury argument, at the punishment phase of the trial, with regard to the effect of the jury's answers to the special issues. The appellant also claims that the verdict in his case was the product of racial prejudice and unfairness.

Viewed in the light most favorable to the jury's verdict, the evidence showed that on July 29, 1984, the appellant, Leroy McGrew and Wilton Young drove to a self-service gasoline station in Lufkin. While McGrew and Young waited outside in the car, the appellant entered the station and robbed the clerk, Deborah Davenport. The appellant then stabbed Davenport with a knife, inflicting sixteen stab wounds, and fled from the store. Later that night, Davenport was taken to a local hospital, where she died of blood loss from the wounds she sustained in the attack.

In his first point of error, the appellant contends that the trial court erred in overruling his "Motion in Liminie (sic) Regarding Death-Qualification of Jurors." In essence, the appellant argues that allowing

no citations to the record, and fail to state an adequate legal basis upon which complaint is made. Briefs submitted to this Court must conform to the requirements of Tex.R.App.P. 74(d), and failure to do so may result in an order to amend or supplement a brief. See Tex.R.App.P. 74(h), (o).

a "death qualified" jury to determine guilt or innocence violates the Sixth Amendment requirement that a jury must be taken from a fair cross-section of the community. This issue has been resolved adversely to the appellant's position in *Lockhart v. McCree*, 476 U.S. ——, 106 S.Ct. 1758, 90 L.Ed.2d 137 (1986). In *McCree*, the Supreme Court held that death qualification of a jury prior to the guilt-innocence phase of a bifurcated trial does not violate the Sixth Amendment fair cross-section requirement or right to an impartial jury. Point of error one is overruled.

■ In point of error two, the appellant claims that eleven members of the jury panel[2] were erroneously excluded for cause for the reason that the prosecutor failed to ask those venirepersons whether they could set aside their personal feelings opposing the death penalty, in violation of *McCree*, supra.

During the voir dire process, the trial judge excused for cause those venirepersons who stated that they could not under any circumstances vote for the imposition of the death penalty. See Article 35.16(b), V.A.C.C.P. The appellant complains of ten venirepersons who were excluded for this reason.[3] We note that the appellant objected to the removal of only one of these venirepersons. Since the appellant failed to object to the exclusion for cause of the other nine venire members, he has waived any error with regard to the trial court's actions as to those nine persons. *Guzmon v. State*, 697 S.W.2d 404 (Tex.Cr.App.1985), cert. denied, —— U.S. ——, 106 S.Ct. 1479, 89 L.Ed.2d 734 (1986); *Stewart v. State*, 686 S.W.2d 118 (Tex.Cr.App.1984). However, we will address his point of error regarding Margie Nell Kimble, the one venireperson to whose removal the appellant did object.

■ The appellant argues that *McCree* stands for the proposition that a potential juror must be given the opportunity to set aside his personal feelings opposing the death penalty before being excluded for cause. We believe the appellant has misconstrued the holding in *McCree*. *McCree* held that the Constitution does not "prohibit the removal for cause, prior to the guilt phase of a bifurcated capital trial, of prospective jurors whose opposition to the death penalty is so strong that it would prevent or substantially impair the performance of their duties as jurors at the sentencing phase of the trial." 476 U.S. at ——, 106 S.Ct. at 1760, 90 L.Ed.2d at 142. Point of error two is overruled.

■ In his third point of error, the appellant complains of the following jury argument, which was made by the prosecutor at the sentencing phase of the trial.

You answer the questions. You are following the law. You don't say anything about anything, except if these questions are right or wrong. Are they "yes" or "no"? What happens to him after that, you will never see him. You will never be in a position to see him die, nor will you ever be in the comparable position of plunging a needle into him or stabbing him over and over and over. You're not going to ever get to the point where Willie Mack was. You will never get to that point. You didn't even, you didn't even answer these questions. You didn't do that. The facts and acts as they were committed answered these questions.

Although no objection was made to the prosecutor's argument, the appellant argues that "it [the argument] was of such proportions that a timely objection would not have removed it from the minds of the jurors...." Relying on *Caldwell v. Mississippi*, 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985), the appellant contends that this argument effectively minimized the jury's sense of responsibility for its role in the sentencing process.

---

**2.** This point of error is multifarious and therefore fails to preserve anything for review. See *Euziere v. State*, 648 S.W.2d 700 (Tex.Cr.App. 1983). Nonetheless, we will address the appellant's contentions because the penalty of death was assessed in this case.

**3.** While the appellant complains of eleven jury panel members as being excluded for cause, the record reflects that one of these venirepersons, Rachel Oliver, was struck by the State with the use of a peremptory challenge.

The State contends that the prosecutor's argument to the jury was made in response to the argument of the appellant's counsel. During his closing argument on punishment, the appellant's attorney made the following statement to the jury:

> You and you alone can send Willie Mack Modden to lethal injection. There can be no division of responsibility. You can never say that the rest overpowered you individually. In your individual capacity as a juror, it must be your deliberate, cool, premeditated act. It takes your vote.

In *Caldwell*, the prosecutor, in response to a defense attorney's argument which sought to impress upon the jury the enormity of their decision, responded that the death penalty verdict was not the final decision and would be automatically reviewed by the state supreme court. The United States Supreme Court held that it was impermissible to rest a death sentence on a determination made by a jury that had been advised that the responsibility for determining the propriety of the sentence rested elsewhere.

Unlike the argument in *Caldwell*, the argument in the instant case did not invite the jurors to shift the responsibility of determining the appropriateness of a death penalty verdict to an appellate court. Instead, the prosecutor's remarks constituted a correct description of the jury's role in the sentencing process. See Article 37.071, V.A.C.C.P.

■ Proper jury argument must fall within at least one of the following four areas: (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answer to argument of opposing counsel or (4) plea for law enforcement. *Alejandro v. State*, 493 S.W.2d 230 (Tex.Cr.App.1973); see also *Good v. State*, 723 S.W.2d 734 (Tex. Cr.App.1986).

The prosecutor implicitly argued that the jury did not need to answer the special issues because the appellant's conduct in the commission of the murder figuratively answered them. We find that the prosecutor's statement was an acceptable response to the argument of opposing counsel. To the extent that it served to remind the jury of its role in the sentencing process, the argument was also a proper plea for law enforcement. Finally, the argument was a reasonable deduction from the evidence. Hence, the argument falls within the permissible areas of jury argument. Point of error three is overruled.

■ In his fourth point of error, the appellant claims error in the trial court's alleged failure "to protect the rights of the [appellant] from the inherent racial prejudice existing in this community against a black person defendant and a white person victim." Specifically, the appellant argues that the trial judge erred in striking *for cause* all but one of the black members of the jury panel, thus violating the Sixth Amendment fair cross-section requirement.[4]

The record indicates that fourteen members of the jury panel were excused following challenges for cause by the State. Each of these venirepersons stated that he or she would be unable to vote for the imposition of the death penalty under any circumstances. Hence, their removal for cause was proper under Article 35.16(b), V.A.C.C.P.; see also *Wainwright v. Witt*, 469 U.S. 412, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985); *Adams v. Texas*, 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980).

■ As we pointed out previously, the appellant objected to the removal of only one of these fourteen venirepersons, leaving thirteen members of the panel who were excused for cause without any objection from the appellant. Failure to object to the exclusion of venirepersons waives any alleged error, and such exclusion can not be considered on appeal. *Hawkins v. State*, 660 S.W.2d 65 (Tex.Cr.App.1983); *Burks v. State*, 583 S.W.2d 389 (Tex.Cr. App.1979).

---

4. The appellant does not allege that the State exercised its *peremptory strikes* in a racially discriminatory manner. See *Batson v. Ken-* *tucky*, 476 U.S. ——, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

■ Furthermore, the appellant does not identify the particular venirepersons claims were improperly excluded. Hence, the appellant's claim of racial prejudice is unsupported by the record, is merely conclusory, and presents nothing for review. See *Reyes v. State*, 647 S.W.2d 255 (Tex.Cr. App.1983); see also *Holloway v. State*, 666 S.W.2d 104 (Tex.Cr.App.1984); Tex.R. App.P. 74(d). The fourth point of error is overruled.

■ In his fifth point of error, the appellant complains that "the trial court committed a fundamental error in this case due to the totality of circumstances beyond the control of the [appellant] and/or his attorneys resulting in an extremely unfair verdict having been rendered in this case." [5]

As we understand the appellant's argument, he contends that he was unfairly singled out to stand trial for capital murder, while one of his accomplices was given immunity in exchange for his testimony, and the other pled guilty to aggravated robbery and received a thirty-year sentence.

The evidence shows, however, that McGrew and Young waited in the car outside the service station while the appellant entered the station, committed the robbery, and stabbed the clerk to death. In his testimony at the punishment phase of the trial, the appellant admitted that he anticipated killing someone before the robbery commenced and that he inflicted the knife wounds that caused her death. Notwithstanding the fact that McGrew and Young were accomplices, the evidence is overwhelming that the appellant was the primary actor and that he contemplated the taking of a life. See *Enmund v. Florida*, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982); see also *Streetman v. State*, 698 S.W.2d 132 (Tex.Cr.App.1985). Point of error five is overruled.

The appellant's co-counsel in this cause has also filed a brief, in which he describes this appeal as "frivolous" and sets forth two "arguable [points] of error." [6]

The first "arguable [point] of error" is essentially a restatement of the appellant's point of error one, regarding the denial of the appellant's motion in limine. We have addressed this contention [7] and find it to be without merit. This point is overruled.

The second "arguable [point] of error" complains that the trial court failed to include, in the charge to the jury at punishment, an instruction concerning intoxication as a factor to be considered in mitigation of punishment. Upon an examination of the jury charge at the sentencing phase, we find that the trial court included this instruction in the form requested by the appellant. (R. XXVI–2773). This point is overruled.

The appellant has filed a pro se brief in this appeal. Although he is not entitled to hybrid representation, see *Stephen v. State*, 677 S.W.2d 42, 45 (Tex.Cr.App.1984), in the interest of justice we have reviewed the brief and find the contentions therein to be without merit.

Having considered the appellant's points of error and finding no reversible error, we affirm the judgment of the trial court.

Given the posture of this cause at this time, the only issues presented on behalf of appellant, and this Court's resolution of those issues, TEAGUE, J., is constrained to join the judgment of the Court.

WHITE, J. not participating.

---

**5.** As we pointed out in note 1, supra, this contention fails to state any legal basis for the appellant's broad claim that the verdict in his case was "unfair."

**6.** We do not express any opinion as to the appropriateness of a "frivolous appeal brief" in a capital case where the punishment was assessed at death.

**7.** See our discussion of Point of error one at pages 860–61 of this opinion.