**Ricky Darnell MacDONALD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–87–00586–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 20, 1988.
Discretionary Review Refused
Feb. 22, 1989.

Mark McIntyre, Houston, Marilyn Golub, Bellaire, for appellant.

Kathlyn Giannaula, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

ROBERTSON, Justice.

The jury rejected appellant's not guilty plea to a charge of aggravated assault and, finding he was previously convicted of a felony, assessed punishment at confinement for three years. Issues for appeal concern the propriety of the prosecutor's jury argument, admissibility of testimony from which the jury may have inferred extraneous offenses, and the court's refus-al to include appellant's requested instructions. We affirm.

The facts in this case are greatly disputed. Appellant was arrested at 4640 Knoxville Street, on a charge of aggravated assault. The indictment on which he was brought to trial stated that he hit an officer with a flashlight, knowing that he was assaulting a peace officer. Testimony of police officers involved in the arrest revealed that several members of Houston's Southeast Tactical Response Team were conducting an undercover operation on the 4600 block of Knoxville. One officer, in plain clothes, purchased narcotics from a man on the street and radioed to other officers that everyone standing in that field was participating in drug transactions. Within seconds of the broadcast, other officers arrived on the scene, wearing raid jackets, with the word "Police" in bright yellow letters. Everyone in the field took off running before the officers announced that they were police.

The complaining officer drove up within twenty feet of where appellant was standing in the field and observed him to run into an abandoned garage nearby. The officer, with the assistance of other members of the team, attempted to locate appellant in the garage and to prevent him from destroying any evidence of narcotics. They testified that appellant was found standing in a room of the garage that was apparently a bathroom without a functioning toilet. One officer removed appellant from the bathroom and was struck by appellant. A struggle ensued which ended outside of the garage and resulted in the injury of both appellant and one officer. The state contends that during this struggle outside the garage, appellant seized an officer's flashlight and used it to assault the complaining officer.

Appellant claimed throughout his trial that he resided at a garage apartment at the location of his arrest. However, the arresting officers testified that the house appeared abandoned, the windows were boarded up, and the house was dark and cold at the time of their entry. Additionally, appellant did not recall the correct ad-

dress of the garage, and testified inconsistently as to who was the owner of the property. He also testified that there. was electricity in the house on the night of his arrest, despite testimony from a representative of the power company that service to that address had been terminated months before the day of appellant's arrest.

Appellant's version of the arrest was also distinctly different from that of the complaining officer. Appellant stated that he was relaxing at home when four or five men broke into his house and began assaulting him. He stated it was several minutes before he could see that they were white men, with guns, and realized that they were police officers. However, appellant consistently maintained that he did not at any time assault an officer, nor did he resist arrest. In fact, appellant claims the officers never informed him of their purpose for being at that location or that he was under arrest.

What is not disputed is that, after the arrest, the officers called an ambulance and appellant and the officer were treated at the scene. While appellant was handcuffed and waiting in the police car, the officers returned inside the structure to look around.

The prosecution elicited testimony at trial that the garage contained an old rotted couch and syringes, that the officers knew the place to be a "crack house" or "smoke house", and that the neighborhood was known as a location in which cocaine was sold. Objections to the characterization of the garage as a "crack" or "smoke" house were sustained and the jury instructed to disregard. The jury was also instructed not to consider that syringes were seen in the house. However, one officer testified, without objection, that appellant smelled like cocaine at the time of his arrest. Further, the state, in its cross-examination of appellant, elicited testimony that no objects or personal property were taken from him at the time of his arrest.

In his first point of error, appellant contends the trial court erred in admitting evidence of extraneous offenses and in failing to order a mistrial after admission of the evidence. Appellant's brief of this point cites the court to some thirty five pages of the statement of facts in which appellant contends these errors occurred. We are not obligated to review these alleged errors because appellant's brief does not comply with the briefing requirements for this court. It is not the obligation of the appellate court to locate specific instances of error from among general citations to numerous pages of the statement of facts. *Most Worshipful Prince Hall Grand Lodge v. Jackson,* 732 S.W.2d 407 (Tex.App.—Dallas 1987, writ ref'd n.r.e.).

■ However, in examining the specific instances in which appellant claims error was committed, we find only two occurrences in which evidence was admitted over appellant's timely objection. The first was a photograph of a gun used by the complaining officer which he stated he tossed to another officer during the struggle with appellant, out of fear that appellant was trying to grab the gun from him. The testimony as to the manner in which the struggle took place was admissible to show the jury the context of the offense. *Archer v. State,* 607 S.W.2d 539, 542 (Tex.Crim. App.1980). While admission of a photograph of the gun into evidence appears unnecessary, we cannot believe that appellant was harmed by this merely cumulative evidence. In fact, appellant concedes that the admission of the photograph could be considered harmless. Appellant argues, however, that the prosecutor's remarks during closing arguments compounded the error to appellant's detriment.

■ The prosecuting attorney's remarks to the jury were as follows: "And you remember officer Van Wagenen testifying about the fear that he experienced when he saw all the officers, the officer's pistol waiving in the air and you heard officer Villoutreix testifying how he felt the defendant grabbing for his pistol. This is not a case that should be taken lightly given what this man did." It is well settled that closing argument may contain a summation of the evidence and all reasonable deductions therefrom. *Modden v. State,* 721 S.W.2d 859 (Tex.Crim.App.1986). During

trial, Villoutreix testified that during the struggle with appellant, he "felt somebody pulling on my pistol. I looked down and it was the defendant." Van Wagenen also testified that while Villoutreix and appellant were struggling, he "saw a revolver in the air. I mean like that in someone's hand." "[I]t only took me a split second to realize it was Villoutreix's revolver." Further testimony by Van Wagenen showed that he yelled at Villoutreix to give him his gun and that Van Wagenen was able to get the pistol away from Villoutreix, who was still struggling with appellant.

The closing argument of the prosecuting attorney did nothing more than summarize the statements of the two officers and make a reasonable deduction from the testimony that officer Van Wagenen experienced some fear when he realized officer Villoutreix's pistol was out of its holster and within reach of the appellant. Appellant's first point of error is overruled.

In his second through sixth points of error, appellant contends that the trial court erred in failing to include a jury instruction on self defense, defense of property, use by police of greater force than necessary, mistake of fact and the lesser included offense of assault. Appellant has chosen to group together these five points of error and argue them collectively. In doing so, he fails to cite any authority specifically in support of point of error number five, mistake of fact. *Brooks v. State*, 642 S.W.2d 791 (Tex.Crim App.1982). Therefore, point of error five presents nothing for review and is overruled.

■ Appellant's second point of error contends the trial court erred in failing to include a requested self defense instruction to the jury. The officers involved in the arrest stated they chased appellant into the garage from the field. They were told everyone in the field was involved in narcotics transactions. They testified that appellant was to be detained, when found, to ascertain his involvement in the transactions and to prevent him from destroying evidence. The officers further stated that they did not strike appellant but merely

tried to prevent him from escaping. Appellant's testimony is that the officers entered without warning and without reason and began attacking him. Appellant maintained, however, that he did not defend himself, nor assault an officer.

On this record, it is impossible to find the trial court erred in denying an instruction on self defense. Self defense is a justification for one's actions, which necessarily admits that the conduct occurred. It is inconsistent with a denial of the conduct. *Sanders v. State*, 707 S.W.2d 78 (Tex.Crim. App.1986); *Aguilar v. State*, 682 S.W.2d 556 (Tex.Crim.App.1985); *Johnson v. State*, 715 S.W.2d 402 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd). If the jury were to have believed appellant's version of the incident leading to his arrest, there was no issue of self defense to decide. Neither was self defense an issue if the jury believed the officer's testimony, because they testified that he was the aggressor. Appellant's second point of error is overruled.

■ Additionally, appellant argues he should have received instructions on protection of property and use by police of greater force than necessary. The court of criminal appeals has held that evidence from any source can raise a defensive issue, which must be included in the court's charge, regardless of the possible weight of the evidence. *Hayes v. State*, 728 S.W. 2d 804, 808 (Tex.Crim.App.1987). The evidence in the instant case is that appellant either used force as related to the jury by the officers, or he did not use force at all as he related to the jury. Texas Penal Code Section 9.41 and 9.31(c)1 provide that a person is justified in using force when and to the extent reasonably necessary to protect his property or to protect himself against a peace officer's use of greater force than necessary. The state's evidence raised the issue of appellant's use of force. Neither the state nor appellant raised the issue of a justification for the assault with which appellant was charged. There was no evidence in the record at all suggesting a reasonable belief on the part of appellant that force was necessary to protect his home or himself. Appellant denied the use

of any force. Failure to give an instruction on defense of property is not error where there was no evidence that appellant had a reasonable belief in the necessity for such force. *Reed v. State*, 703 S.W.2d 380 (Tex. App.—Dallas 1986, writ ref'd). Accordingly, appellant's third and fourth points of error are overruled.

■ Appellant next contends that the trial court erred in refusing his requested instruction on the lesser included offense of assault. A charge on a lesser included offense is not required unless the evidence raises the issue that, if guilty, appellant is guilty only of the lesser included offense. *McBrayer v. State*, 504 S.W.2d 445 (Tex. Crim.App.1974). The court of criminal appeals has held that the appellant does not waive a charge on the lesser included offense, *if it were otherwise raised*, merely by negating an element of the offense in his testimony. *Lugo v. State*, 667 S.W.2d 144 (Tex.Crim.App.1984).

■ In support of his argument that the lesser included offense was raised, appellant relies on his testimony that he did not know the men were officers when they first entered. However, appellant admits that he did recognize the men as police officers while still inside the house. The assault for which appellant was prosecuted occurred outside of the structure when appellant grabbed an officer's flashlight and struck the officer with it. During the examination and cross-examination of appellant, he emphatically denied on eleven separate occasions that he ever hit an officer with a flashlight or that he ever made any contact with them in any fashion. Therefore, the jury was faced with a decision between appellant's guilt of assault on a peace officer or acquittal. If the accused presents evidence that he is guilty of *no offense at all*, a charge on a lesser offense is not required. *Aguilar* at 558; *Bryant v. State*, 705 S.W.2d 745 (Tex.App.—Houston [1st Dist.] 1986 no writ), and the cases there cited. There was no evidence that if guilty, appellant was guilty of only the lesser offense of assault. Appellant's sixth point of error is overruled.

In appellant's seventh point of error he argues the trial court erred in denying his motion to suppress all evidence obtained at the scene of the arrest and all testimony concerning items obtained pursuant to a search of his home. Appellant contends he had a reasonable expectation of privacy and that numerous statements were made at trial concerning the interior of his home and the evidence found during a search subsequent to his arrest. However, appellant specifically directs the court to only three mentions of the interior of the garage. His objection at trial was sustained in each instance and each time the jury was instructed to disregard the statement. We find no error in the trial court's denial of appellant's motion to suppress. *Livingston v. State*, 739 S.W.2d 311 (Tex.Crim. App.1987); *Smith v. State*, 744 S.W.2d 86 (Tex.Crim.App.1987). Appellant's seventh point of error is overruled.

■ Appellant contends, in his eighth point of error that the trial court erred in refusing a requested instruction under TEX.CODE CRIM.PROC. art. 38.23. The trial court did include an instruction on the first paragraph of art. 38.23. However, appellant complains that the court failed to include the second paragraph, which consists of an instruction to the jury to disregard any evidence illegally obtained by the police officers. In counsel's argument before the court submitted the jury charge, he argued that if the arrest of appellant or the entry of the officers into the garage were illegal, all evidence subsequent to the entry or arrest should be excluded. We disagree. It is not a defense to a charge of aggravated assault that the initial entry or the arrest were unlawful. *Gonzalez v. State*, 574 S.W.2d 135 (Tex.Crim.App.1978). As for any evidence of drug transactions in the neighborhood, or the undercover narcotics investigation of the police officers, the jury was entitled to know the circumstances surrounding the officers' entry into the garage. *Mitchell v. State*, 650 S.W.2d 801 (Tex.Crim.App.1983). If there were any other statements admitted into evidence over appellant's objection, appellant has failed to present them for review. Appellant's eighth point of error is overruled.

In appellant's ninth point of error he asserts improper argument of the prosecutor. Appellant first contends that the prosecutor's statements concerning drug transactions in the neighborhood where appellant was arrested were prejudicial to appellant. These statements however were merely summaries of evidence properly admitted at trial to show the circumstances in which the offense occurred. *Archer v. State*, 607 S.W.2d 539, 542 (Tex.Crim.App. 1980); *Modden v. State*, 721 S.W.2d 859 (Tex.Crim.App.1986).

Secondly, appellant argues the prosecutor misstated the evidence in two instances. The first was a statement that "Officer Villoutreix arrives and then he sees this defendant standing in the same place where Officer Terrell had been and he steps out and the defendant takes off running." The evidence was that officer Terrell had told the other officers that "everyone in the field was flagging traffic and that officer Terrell had made a buy and he gave a description of someone." Officer Villoutreix then drove up to the field and saw "Approximately seven or eight people in the field". On further questioning the following developed:

Q: And how far away was Mr. Mac-Donald from you when you drove up in the field?

A: Probably about fifteen to twenty feet.

_____

Q: When you first saw the defendant, what was he doing?

A: He was standing around.

Q: At what point did you notice him to do something besides just stand around?

A: When I exited the car, myself and Officer Hernandez when we got out of the car with our raid jackets on everybody in the field took off running.

This testimony shows that the prosecutor was within the bounds of reasonable inferences from the evidence in his statement. The argument did not inject new facts and, in light of the whole record, is not improper. *Brandley v. State*, 691 S.W.2d 699 (Tex.Crim.App.1985).

The second instance, in which appellant claims the prosecutor misstated the evidence was his remark that during the struggle between the officer and appellant, the officer's gun was "waving in the air". This statement was also raised by appellant in his first point of error and our discussion of that point adequately disposed of this contention.

The third instance of which appellant complains was a comment by the prosecutor as follows:

"When you consider the totality of the circumstances, when you consider everything that this defendant did to those police officers, it wasn't that he was trying to get away, in the manner that he struck them, the fact that he was going for the gun. Why do you think he was going for the gun?"

Officer Villoutreix testified that he saw appellant pulling on his pistol, therefore, the remark was not injecting any new facts into evidence. While the prosecutor's remark does not fit neatly into any of the categories of proper argument, *Todd v. State*, 598 S.W.2d 286 (Tex.Crim.App. 1980), we do not find reversible error. Improper argument will be reversible error only where it is extremely or manifestly improper in light of the whole record, or if it is violative of a mandatory statute. *Brandley v. State*, 691 S.W.2d 699 (Tex. Crim.App.1985). We do not believe the prosecutor's comment was so extreme as to constitute reversible error.

Lastly, appellant argues that the prosecutor improperly placed the character of the appellant before the jury. The prosecutor stated: "Think about the fact that he's an ex-con; that he's a felon; a convicted robber, and then think about whether or not you should believe what he had to say." Appellant took the witness stand during his trial and admitted he had once been convicted of robbery. By doing this appellant put his character for veracity into evidence, the same as any witness. *Hammett v. State*, 713 S.W.2d 102, 105 (Tex.Crim.App. 1986). The prosecutor's remark was within

the bounds of proper jury argument. Appellant's ninth point of error is overruled.

The judgment is affirmed.

J. CURTISS BROWN, Justice, dissenting.

I respectfully dissent.

Appellant's point that the lesser included offense of assault presents a jury question which should have been submitted to the trier of fact is well founded. The jury was entitled to pick and choose between parts of the testimony. A combination of the officer's evidence of assault and the defendant's denial of knowledge of the police officer's status was sufficient to raise the lesser included offense of assault. If evidence from any source raises the issue of a lesser included offense it must be included in the charge. *Ojeda v. State,* 712 S.W.2d 742, 744 (Tex.Crim.App.1986).