TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00320-CR







John William Corley III, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. CR97-188, HONORABLE ROBERT T. PFEUFFER, JUDGE PRESIDING







 Appellant John William Corley III was convicted of the offense of aggravated
assault with a deadly weapon. See Tex. Penal Code Ann. § 22.02 (West 1994). The jury assessed
appellant's punishment, enhanced by two prior felony convictions, at imprisonment for 25 years. 
On appeal, appellant asserts that the evidence is factually insufficient, the trial court erred in
refusing to instruct the jury on self-defense, and the prosecutor's argument was manifestly
improper and prejudicial. We will affirm the trial court's judgment.

 In his third point of error, appellant complains that: "The [jury's] verdict was so
against the great weight and preponderance of the evidence as to be manifestly unjust." Appellant
does not challenge the legal sufficiency of the evidence. In reviewing the factual sufficiency of
the evidence, we view all of the evidence "without the prism of in the light most favorable to the
prosecution"; we set aside the jury's verdict only if it is so contrary to the overwhelming weight
of the evidence as to be clearly wrong and unjust. See Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet.
ref'd untimely filed). In performing a factual sufficiency review, courts of appeal are required to
give deference to the jury's verdict and examine all of the evidence impartially setting aside the
jury verdict "only if it is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust." Cain v. State, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997) (quoting Clewis,
922 S.W.2d at 129).

 Wayne Lehman, a Comal County Deputy sheriff, was stopped at a traffic light in
the early morning hours on May 31, 1997. While he was waiting for the light to change,
Lehman's attention was drawn to what appeared to be an argument between two men on a
convenience store parking lot. Lehman saw Charles Ray Massey standing beside a parked car
with his hands inside of the car. Appellant, the driver of the car, left the parking lot with Massey
hanging on to the car. Massey fell onto the road. Lehman then saw appellant back his car and
drive forward into Massey who was then standing in the road. The car struck Massey throwing
him onto the hood of the car and into the windshield before he again fell to the ground. Appellant
backed his car toward the victim but missed him. Appellant again drove forward toward the
victim but missed him. Appellant yet again backed the car but was then stopped and arrested by
Lehman.

 Appellant testified that while he was seated in his car, Massey placed his hands
around appellant's neck and threatened to take appellant's car away. Appellant denied that he
drove the car into the victim and testified he was fleeing from the scene when Lehman arrested
him. Appellant claimed the officer was motivated to testify as he did because the officer was
related to the victim. Evidence was admitted that they were not related. Before the assault, the
victim and appellant, who did not know each other, had left a bar at the same time. Appellant was
attempting to take the victim to his home, but the victim could not show appellant where he lived. 
In Lehman's opinion, both men were intoxicated. We have reviewed all of the evidence giving
deference to the jury's verdict. We hold the evidence is not so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. The evidence is factually sufficient to
support the jury's verdict. Appellant's third point of error is overruled.

 In his second point of error, appellant urges that the trial court erred in refusing to
instruct the jury on the issue of self-defense. When the issue is raised by evidence from any
source and timely requested, a defendant is entitled to a jury charge on self-defense. With
exceptions not applicable here, "a person is justified in using force against another when and to
the degree he reasonably believes the force is immediately necessary to protect himself against the
other's use or attempted use of unlawful force." Tex. Penal Code Ann. § 9.31 (West 1994 &
Supp. 1999). In addition, to protect himself against the other's use or attempted use of unlawful
deadly force, a person is justified in using deadly force against another when and to the degree he
reasonably believes the deadly force is immediately necessary, if a reasonable person in the actor's
situation would not have retreated. See Tex. Penal Code Ann. § 9.32 (West 1994); Halbert v.
State, 881 S.W.2d 121, 124 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd).

 Appellant testified that when the victim placed his arms and hands through the car's
open window and was choking appellant, he, the appellant, fled from the scene. "Q. You didn't
use any force against him at all.? A. No, sir; I did not. Why should I? I was in the car. I was
leaving." According to appellant's version of the encounter, he did not use any force against the
victim. According to the law enforcement officer, who observed the action, appellant backed his
car and then drove it into the victim.

 Appellant's trial objection was general, and he merely requested a self-defense
instruction without specifying whether he believed the evidence entitled him to the use of ordinary
lawful force or deadly force in his own defense. In appellant's version of the facts, he used no
force against the victim; therefore, he was not entitled to any self-defense charge. See McDonald
v. State, 761 S.W.2d 56, 60 (Tex. App.--Houston [14th Dist.] 1988, pet. ref'd). However,
appellant's testimony combined with that of the law enforcement officer, although not consistent,
showed appellant used deadly force against the victim when appellant was no longer threatened
with either ordinary unlawful force or deadly force. When appellant backed his car away from
the victim, he was no longer in either real or apparent danger, and it was not immediately
necessary for appellant to use any force to protect himself against the victim's use of force. In
these circumstances, the trial court did not err in refusing to instruct the jury on self-defense. 
Appellant's second point of error is overruled.

 In his first point of error, appellant complains that:  "The prosecutor's closing
argument commenting on the effect of parole on a sentence of the appellant was manifestly
improper and prejudicial." At the guilt-innocence phase of trial, appellant testified that he had
been convicted of two prior felony offenses. He had been convicted of burglary, receiving a five-year probated sentence, and after revocation of probation he had served 10 months in prison. 
Appellant also testified that he had been convicted of "tampering with a government record" and
served his two-year sentence in 11 months. During cross-examination relating to his motives for
testifying, appellant volunteered to the jury, "This is 25 years of my life folks. This is serious
business. . . . Yeah, 25 years of my life for something I didn't do." During his closing argument,
the prosecutor argued:


 We are asking you to base this verdict on reasonable common sense and the
evidence; they want you to base this verdict on conjecture; are they related,
emotion, this is 25 years of my life. The Court's charge instructs you that you are
not to consider -- concern yourself only at this point with did he do it or did he not
do it. And I know you will do your best to follow that law. But we don't pretend
you are not human beings and he interjects, throws this thing out. "For me, this
is 25 years of my life." Is it really? From his own testimony, knowing his prior
sentences; he doesn't do the entire sentence.


 [Defense Counsel]  Your Honor, I object. This is improper argument to
even discuss or mention anything about how parole or anything would be affected
in this case. I ask the jury be instructed to disregard that last comment.


 [Prosecutor]  Your Honor, it's in the record.


 [The Court]  The point is that this is not the time when we are going to be
talking about punishment anyway, and I have already indicated that to the jury. 
The objection is sustained the jury will discard [disregard].


 [Prosecutor]  Yes, sir. Again --


 [Defense Counsel]  I also ask for a mistrial.


 [The Court]  The request for mistrial is overruled.


 [Prosecutor]  Again, if you will -- if you will follow this law -- and
understand this is an important trial -- if you will base your verdict on the law and
the evidence and your reason, and your common sense, you will reach your verdict
and you will do justice.



 Appellant raised the issue of his punishment for this offense during the guilt-innocence phase of the trial and testified that he had not served the full time to which he had been
sentenced after his prior convictions. In jury argument, a prosecutor may summarize the trial
evidence and draw legitimate inferences from the evidence and the argument will be considered
in its context. See Gaddis v. State, 753 S.W.2d 396, 398-99 (Tex. Crim. App. 1998); Griffin v.
State, 554 S.W.2d 688, 690 (Tex. Crim. App. 1977). In this instance, if the prosecutor's
argument could be characterized as improper, the trial court's prompt response to appellant's
objection was adequate to protect appellant's rights. See Dinkins v. State, 894 S.W.2d 330, 357
(Tex. Crim. App. 1995); Jacobs v. State, 787 S.W.2d 397, 406 (Tex. Crim. App. 1990); Port v.
State, 798 S.W.2d 839, 846 (Tex. App.--Austin 1990, pet. ref'd). The trial court did not err in
refusing to grant a mistrial. Appellant's first point of error is overruled.

 The trial court's judgment is affirmed.



 

 Carl E. F. Dally, Justice

Before Justices B. A. Smith, Yeakel and Dally*

Affirmed

Filed: April 15, 1999

Do Not Publish


* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).




Appellant also testified that he had been convicted of "tampering with a government record" and
served his two-year sentence in 11 months. During cross-examination relating to his motives for
testifying, appellant volunteered to the jury, "This is 25 years of my life folks. This is serious
business. . . . Yeah, 25 years of my life for something I didn't do." During his closing argument,
the prosecutor argued:


 We are asking you to base this verdict on reasonable common sense and the
evidence; they want you to base this verdict on conjecture; are they related,
emotion, this is 25 years of my life. The Court's charge instructs you that you are
not to consider -- concern yourself only at this point with did he do it or did he not
do it. And I know you will do your best to follow that law. But we don't pretend
you are not human beings and he interjects, throws this thing out. "For me, this
is 25 years of my life." Is it really? From his own testimony, knowing his prior
sentences; he doesn't do the entire sentence.


 [Defense Counsel]  Your Honor, I object