Williams v. SOT









NUMBER 13-01-00577-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

 



DIANNA HEATH WILLIAMS, Appellant,



v.




THE STATE OF TEXAS, Appellee.

 



On appeal from the 252nd District Court

of Jefferson County, Texas.

 


MEMORANDUM OPINION


Before Justices Hinojosa, Yañez, and Garza

Opinion by Justice Hinojosa


 A jury found appellant, Dianna Heath Williams, guilty of the offense of murder (1) and, after finding that appellant was
under the immediate influence of sudden passion arising from an adequate cause, assessed her punishment at eighteen years
imprisonment. By three points of error, appellant contends: (1) the evidence is legally and factually insufficient to support
her conviction; (2) the trial court erred in denying her motion for mistrial, based on improper jury argument; and (3) the
trial court erred in denying her request to open and close argument during the punishment phase of the trial. We affirm.

 As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here. See Tex. R.
App. P. 47.4.

A. Sufficiency of Evidence


 In her first point of error, appellant complains the evidence is legally and factually insufficient to support her conviction of
murder. Specifically, appellant contends the evidence is legally and factually insufficient to prove she had the specific
intent to kill the victim.

 When we review the legal sufficiency of the evidence, we view all the evidence in the light most favorable to the verdict to
determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). The jury,
as the trier of fact, may use common sense and apply common knowledge, observation, and experience gained in ordinary
affairs when giving effect to the inferences that may be reasonably drawn from the evidence. Booker v. State, 929 S.W.2d
57, 60 (Tex. App.--Beaumont 1996, pet. ref'd); Wawrykow v. State, 866 S.W.2d 87, 88 (Tex. App.--Beaumont 1993, pet.
ref'd). As fact finder, the jury is the exclusive judge of the credibility of witnesses and the weight to be afforded their
testimony. Chambers v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). The jury is free to accept one version of the
facts, reject another, or reject all or any of a witness's testimony. Penagraph v. State, 623 S.W.2d 341, 343 (Tex. Crim.
App. 1981); Sills v. State, 846 S.W.2d 392, 394 (Tex. App.--Houston [14th Dist.] 1992, pet. ref'd). Sufficiency of the
evidence is measured by the hypothetically correct jury charge, which accurately sets out the law, is authorized by the
indictment, and does not unnecessarily increase the State's burden of proof. Malik v. State, 953 S.W.2d 234, 240 (Tex.
Crim. App. 1997); Cano v. State, 3 S.W.3d 99, 105 (Tex. App.-Corpus Christi 1999, pet. ref'd). In conducting this
analysis, we may not re-weigh the evidence and substitute our judgment for that of the jury. King v. State, 29 S.W.3d 556,
562 (Tex. Crim. App. 2000). The standard is the same for both direct and circumstantial evidence cases. Kutzner v. State,
994 S.W.2d 180, 184 (Tex. Crim. App. 1999); Vela v. State, 771 S.W.2d 659, 660 (Tex. App.-Corpus Christi 1989, pet.
ref'd).

 When we review the factual sufficiency of the evidence, we review all of the evidence and set aside the verdict only if (1)
the evidence demonstrating proof of guilt is so weak as to undermine confidence in the jury's determination or (2) the proof
of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Johnson, 23 S.W.3d at 11. We are not
bound to view the evidence in the light most favorable to the prosecution, and may consider the testimony of all the
witnesses. Id. at 10-12. Disagreeing with the fact finder's determination is appropriate only when the record clearly
indicates that such a step is necessary to arrest the occurrence of a manifest injustice; otherwise, due deference must be
accorded the fact finder's determinations, particularly those concerning the weight and credibility of the evidence. Id.

 A person is guilty of murder if he intentionally or knowingly causes the death of an individual. Tex. Pen. Code Ann. §
19.02(b)(1) (Vernon 2003). A person acts intentionally, or with intent, with respect to the nature of his conduct or to a
result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. Tex. Pen.
Code Ann. § 6.03(a) (Vernon 2003). Intent can be inferred from the acts, words, and conduct of the accused. Patrick v.
State, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995);Dues v. State, 634 S.W.2d 304, 305 (Tex. Crim. App. 1982); Beltran
v. State, 593 S.W.2d 688, 689 (Tex. Crim. App. 1980). Also, the specific intent to kill may be inferred from the use of a
deadly weapon, unless in the manner of its use it is reasonably apparent that death or serious bodily injury could not result. 
Medina v. State, 7 S.W.3d 633, 637 (Tex. Crim. App. 1999); Godsey v. State, 719 S.W.2d 578, 580-81 (Tex. Crim. App.
1986). 

 After reviewing the evidence in the light most favorable to the jury's verdict, we conclude that any rational trier of fact
could have found the essential elements of the offense of murder. Further, after reviewing all of the evidence, we conclude
the evidence is not so weak as to be clearly wrong and manifestly unjust or that the verdict is against the great weight of the
evidence. Accordingly, we hold the evidence is legally and factually sufficient to support appellant's conviction for the
offense of murder. Appellant's first issue is overruled.

B. Improper Jury Argument


 In her second point of error, appellant complains the trial court erred in denying her motion for mistrial based on the
prosecutor's improper jury argument. Specifically, appellant contends the prosecutor's argument was made in bad faith, in
violation of the rules of evidence. We disagree.

 During closing argument in the guilt/innocence phase of the trial, the prosecutor argued:

Prosecutor: . . . . Did you hear anything negative about Beverly Wade in this trial, if she was a bad person? No, you did
not. And don't you know if Beverly Wade was a bad person, they would have brought forth all these people to tell you that?



Defense Counsel: Objection, Your Honor. Counsel well knows that's not admissible into evidence.



The Court: Sustain the objection at this time.

Defense Counsel: I would ask the jury to disregard that.

The Court: Jury, disregard the last comment by the prosecutor.



Defense Counsel: We would ask for a mistrial.



The Court: Mistrial denied. (2)



 Proper jury argument must fall within one of four categories: (1) summary of the evidence; (2) reasonable deduction from
the evidence; (3) response to argument of opposing counsel, and (4) plea for law enforcement. Borjan v. State, 787 S.W.2d
53, 55 (Tex. Crim. App. 1990); Gaddis v. State, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988); Modden v. State, 721
S.W.2d 859, 862 (Tex. Crim. App. 1986). Counsel is allowed wide latitude in drawing inferences from the evidence,
provided those inferences are reasonable, fair, legitimate, and offered in good faith. Lagrone v. State, 942 S.W.2d 602, 619
(Tex. Crim. App. 1997). In examining challenges to jury argument, an appellate court considers the remark in the context
in which it appears. Gaddis, 753 S.W.2d at 398;Denison v. State, 651 S.W.2d 754, 761-62 (Tex. Crim. App. 1983). 
Furthermore, a prosecutor may argue his opinions concerning issues in the case so long as the opinions are based on the
evidence in the record and do not constitute sworn testimony. McKay v. State, 707 S.W.2d 23, 37 (Tex. Crim. App. 1985). 


 It is well-settled that even if a prosecutor's jury argument is improper, an instruction by the trial judge to the jury to
disregard the improper argument is usually sufficient to cure the error. Melton v. State, 713 S.W.2d 107, 114 (Tex. Crim.
App. 1986); Logan v. State, 698 S.W.2d 680, 682 (Tex. Crim. App. 1985). Reversible error occurs only when a statement
is so inflammatory that its prejudicial effect cannot reasonably be removed by such admonition. McKay, 707 S.W.2d at 33;
Blansett v. State, 556 S.W.2d 322, 328 (Tex. Crim. App. 1977). In order to fall within this description, the argument must
be extreme, manifestly improper, inject new and harmful facts into the case, or violate a mandatory statutory provision. 
Borjan, 787 S.W.2d at 56-57; Phillips v. State, 701 S.W.2d 875, 892 (Tex. Crim. App. 1985). 

 After reviewing the record, we conclude that the prosecutor's argument to the jury was not improper because it was in
response to opposing counsel's argument. Appellant's counsel had previously argued:

. . . . So we know that [the victim] was definitely drunk, intoxicated, at the time of her death, as shown by some of the
other testimony. We also know that she was known to carry a knife in her bra. Now, you can draw your own conclusions
from that as to, you know, what does that tell you, why is she a person who carries a knife in her bra. Evidence like that
was not presented, but you're allowed to draw your own conclusions based on that. But I would submit to you that a person
who is known to carry a knife in her bra is not the type of person who is known never to have been violent and never to
have harmed anyone, which all of the evidence presented by both sides shows that Dianna Williams has never been known
to be violent . . . .

 

 Furthermore, even assuming, arguendo, that the comment was improper, we conclude that the trial court's instruction to
the jury to disregard the comment cured any harm. Appellant's second point of error is overruled.

C. Order of Argument


 In her third point of error, appellant contends the trial court erred in denying her request to open and close argument during
the punishment phase of the trial. Appellant argues that by denying her request, the trial court denied her due process and
equal protection because she had the burden of proof to show sudden passion during the punishment phase of the trial.

 Article 36.07 of the code of criminal procedures provides:

The order of argument may be regulated by the presiding judge; but the State's counsel shall have the right to make the
concluding address to the jury.



Tex. Code Crim. Proc. Ann. art. 36.07 (Vernon 1981). The only mandatory portion of this article is that the State has the
right to close. Granato v. State, 493 S.W.2d 822, 826 (Tex. Crim. App. 1973). All other matters as to the order of
argument are left to the sound discretion of the court. Id. 

 After reviewing the record, we conclude the trial court did not err in denying appellant's request. Furthermore, assuming,
arguendo, that the trial court did err, we conclude appellant can show no harm because the jury found that appellant acted
under the immediate influence of sudden passion arising from an adequate cause. Appellant's third point of error is
overruled.

 The judgment of the trial court is affirmed. 




FEDERICO G. HINOJOSA

Justice





Do not publish. See Tex. R. App. P. 47.2(b).

Opinion delivered and filed this the

15th day of May, 2003.

1. Tex. Pen. Code. Ann. § 19.02 (Vernon 2003).

2. In this case, appellant took the correct steps in preserving her objection for the record: (1) she objected to the
prosecutor's statement; (2) she requested an instruction to disregard; and (3) she moved for a mistrial. See Brooks v. State,
642 S.W.2d 791, 798 (Tex. Crim. App. 1982); Koller v. State, 518 S.W.2d 373, 375 (Tex. Crim. App. 1975).