ACCEPTED
13-14-00742-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
6/17/2015 3:30:26 PM
CECILE FOY GSANGER
CLERK

CAUSES 13-14-00742-CR, 13-14-00743-CR, & 13-14-00744-CR

IN THE THIRTEENTH SUPREME JUDICIAL DISTRICT OF TEXAS AT

CORPUS CHRISTI, TEXAS

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
6/17/2015 3:30:26 PM
CECILE FOY GSANGER
Clerk

FILED
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI - EDINBURG

6/17/15

CECILE FOY GSANGER, CLERK
BY DTello

CHARLES DANE HILL, APPELLANT

VS.

THE STATE OF TEXAS, APPELLEE


APPELLANT'S BRIEF

Trial Causes 13-11-9140, 13-11-9158, & 13-11-9159

Jackson County District Court



Submitted by


W. A. (BILL) WHITE
Attorney for Appellant
POB 7422, Victoria, TX 77903
(361) 575-1774 voice & fax
TBN 00788659



ORAL ARGUMENT **NOT** REQUESTED


1

## IDENTITY OF PARTIES AND COUNSEL

Appellant was represented at trial by Mr. Larry Sauer, Attorney at Law, and Mr. Doran Sauer, Attorney at Law, both of 1004 West Avenue, Austin, TX 78701. Appellant is represented on appeal by Mr. W. A. (Bill) White, Attorney at Law, POB 7422, Victoria, TX 77903-7422.

During trial, appellant was a resident of Jackson County, Texas. Appellant is currently incarcerated in IDTDCJ.

The State was represented at trial by Mr. Robert E. Bell, D.A. and Ms. Pam Guenther, A.D.A., both of the Jackson County District Attorney's Office, located at 115 W. Main Street, 2nd Flr, Edna, TX 77957.

Appellant anticipates that the State's reply brief will be prepared and filed by Mr. Jim Vollers, 2201 Westover Road, Austin, TX 78703.

TABLE OF CONTENTS

                                                      Page

Index of Authorities                                   4

Appellant's Brief                                      5

Statement of the Case and Statement of Facts           5

Issues Presented                                      10

Summary of Argument                                   10

Argument                                              12

*Issue I*                                             12

*THE TRIAL COURT ERRED BY DENYING APPELLANT'S REQUEST
FOR JURY INSTRUCTION ON SELF-DEFENSE BECAUSE APPELLANT
PLED "NOT GUILTY" WHEN TRIAL BEGAN*


*Issue II*                                            15

*THE EVIDENCE IS INSUFFICIENT TO SHOW THAT APPELLANT
KNEW JASON MCCARRELL WAS A PUBLIC SERVANT WHEN SHOOTING
AT HIM*

Prayer                                                19

Certificate of Service                                19

Certificate of Compliance                             20

INDEX OF AUTHORITIES

*Cases*                                                                 *Page*

*Anderson v. St.,* 11 S.W.3d 369 (Tex.App.-Houston 2000)

14

*Conner v. St.,* 67 S.W.3d 192 (Tex.Crim.App. 2001)   16

*Hamel v. St.,* 916 S.W.2d 491 (Tex.Crim.App. 1996)   15

*Holberg v. St.,* 38 S.W.3d 137 (Tex.Crim.App. 2000)   16

*Jackson v. Virginia,* 443 U.S. 307 (1979)            15

*MacDonald v. St.,* 761 S.W.2d 56 (Tex.App.-Houston 1998)

14

*Saxton v. St.,* 804 S.W.2d 910 (Tex.Crim.App. 1991)   13

*Vodochodsky v. St.,* 158 S.W.3d 502 (Tex.Crim.App.2005)

16

*Walker v. St.,* 994 S.W.2d 199 (Tex.App.-Houston 1999)

15

*Young v. St.,* 991 S.W.2d 835 (Tex.Crim.App. 1999)   14


*Statutes*

*Tex.Pen.Code Ann.,* sec. 8.04(a)(Vernon 2013)        18

CAUSES 13-14-00742-CR, 13-14-00743-CR, & 13-14-00744-CR
Trial Causes 13-11-9140, 13-11-9158, & 13-11-9159

CHARLES DANE HILL, Appellant          IN THE THIRTEENTH

VS.                                   COURT OF APPEALS AT

THE STATE OF TEXAS, Appellee          CORPUS CHRISTI, TEXAS


APPELLANT'S BRIEF

TO THE HONORABLE JUSTICES OF SAID COURT:

COMES NOW APPELLANT, CHARLES DANE HILL, through counsel, W. A. (BILL) WHITE, Attorney at Law, showing:


STATEMENT OF THE CASE AND STATEMENT OF FACTS

Appellant was indicted in November 2013 for aggravated assault on public servant (13-11-9140; three counts), aggravated assault with a deadly weapon (13-11-9158; one count with three paragraphs), and deadly conduct (13-11-9159; one count with two paragraphs). These crimes were alleged to have all occurred on or about 10/05/13 in Jackson County, Texas.

Under the State's theory, the offenses all occurred during a course of events lasting from morning into

late night of 10/05/13, ending with appellant's transportation by EMS for medical care, and subsequent arrest by law enforcement.

On 10/05/13, appellant was scheduled to participate in a local fishing tournament. (RR Vol. 5, p. 124). He drank beer all day in large volume and ate Vodka-soaked gummy bears. (RR Vol. 5, p. 74; p. 127). In the afternoon, appellant visited an outdoor festival with friends in nearby Victoria (25 miles away) named "Bootfest".

At Bootfest, which was crowded, appellant became separated from his friends for about two hours. When reuniting with appellant, friends noticed that he was unusual in his behavior, and not himself. (RR Vol. 5, pp. 132-134). According to trial testimony, appellant later admitted to a witness that he ingested LSD during his solitary wanderings at Bootfest. (RR Vol. 5, pp. 208-210)

Upon returning to rural Jackson County after Bootfest, appellant began behaving aggressively toward

his friends at 694 County Road 313 East near Vanderbilt. (RR Vol. 5, pp. 136-141). An argument ensued between appellant and Adam Twardowski, and Adam told appellant to leave his home. Not long afterward, a physical struggle occurred on the premises inside a pickup truck between Michael Cornwell and appellant, in which appellant held a loaded pistol. During this struggle, the pistol discharged, shooting a hole in the truck's roof and firing another projectile toward the Twardowski house nearby. (RR Vol. 5, pp. 51-53). At some point, Cornwell actually managed to stick one of his fingers between the pistol's hammer and firing plate at the instant appellant pulled the trigger, preventing the gun from firing another time. (RR Vol. 5, pp. 53-59). Appellant also bit Cornwell during this scuffle.

Appellant then left the scene and returned to his own residence nearby, while friends called 911 and alerted law enforcement. As the darkness of night fell, law enforcement officers from various local and

state agencies made their way to the residence of appellant, who was now armed with a rifle. (RR Vol. 4, p. 42)

Law enforcement kept their vehicle lights off to avoid pinpointing their positions, hoping that appellant would not see or fire at them. (RR Vol. 4, pp. 43-46; 52).  According to testimony, appellant eventually fired at one officer, Deputy Jason McCarrell. (RR Vol. 4, pp. 54-55)

It is important to note that peace officers on the scene during this dark, country night intentionally used neither their blue and red, overhead lights, nor any other vehicle lights, including interior dome lights. (RR Vol. 4, p. 52).  Out in the country, after sundown, it was very dark.  Law enforcement relied on thermal body sensor equipment (night vision) to discover appellant holding his rifle, rather than using flashlights. (RR Vol. 4, pp. 37-39).  Also, the peace officers did not verbally identify themselves as being

present, or that they were even peace officers, for the same tactical reason. (RR Vol. 4, 46-47)

Appellant was ultimately subdued and taken into custody after being shot in the arm by law enforcement. He was medically stabilized and later jailed.

Appellant's trial began on 11/17/14, with jury selection starting the same day. The State's case-in-chief began on 11/18/14, and the State later rested its case on guilt/innocence on 11/24/14. The defense presented no witnesses at guilt/innocence. The jury returned verdicts of guilty on all counts of the three indictments, except count I of cause 13-11-9140 (attempted capital murder), which was not read to the jury at the start of the State's case-in-chief and was presumably abandoned before trial began. (RR Vol. 3, pp. 20-25; RR Vol. 7, pp. 105-106)

The punishment phase began on 11/25/14. Appellant elected jury punishment. The jury assessed punishment that same day at 20 years prison in cause 13-11-9140, 10 years in prison in cause 13-11-9158, and 5 years in

prison in cause 13-11-9159.  The sentences were ordered to run concurrently with no fines in any cause. (RR Vol. 8, pp. 185-188).  The causes were tried together in a single trial.  Appellant filed notice of appeal.

### ISSUES PRESENTED

I.   THE TRIAL COURT ERRED BY DENYING APPELLANT'S REQUEST FOR JURY INSTRUCTION ON SELF-DEFENSE BECAUSE APPELLANT PLED "NOT GUILTY" WHEN TRIAL BEGAN

II.  THE EVIDENCE IS INSUFFICIENT TO SHOW THAT APPELLANT KNEW JASON MCCARELL WAS A PUBLIC SERVANT WHEN SHOOTING AT HIM

### SUMMARY OF ARGUMENT

It is error for a trial court to deny jury instruction on the issue of self-defense because a defendant enters a "not guilty" plea at the outset of his jury trial.  While self-defense is an affirmative defense, and while elements of the charged crime must be factually admitted by the defense throughout trial to argue self-defense, merely entering a plea of "not guilty" after the prosecutor reads the indictment at

10

the start of its case-in-chief does not preclude a self-defense claim, nor its inclusion as an instruction in the jury charge if the evidence supports.

There is insufficient evidence to support the element in cause 13-11-9140 (second count) that appellant "knew that Jason McCarrell was a public servant". Trial testimony established that, for tactical reasons and reasons relating to officer safety, McCarrell did not announce himself to appellant as a peace officer on 10/05/13, nor did he allow *any* lights on his police unit to illuminate, to avoid alerting appellant to his position or highlighting himself as a target. While this is a safety and tactical measure, it also precluded any knowledge in appellant that the person at whom he fired his rifle on 10/05/13 was a peace officer or public servant.

ARGUMENT

*ISSUE I*

When the defense requested a jury instruction on self-defense in these causes at trial, it was denied by the trial court. (RR Vol. 7, pp. 5-9). The trial judge gave more than one reason for denial. One reason was, "The law is also clear that if you want to assert your right to self-defense you must first admit the elements of the offense that has been charged. The defendant *has pled not guilty* to all of the elements of the offense as charged and therefore has not qualified himself to claim the right to self-defense." (RR Vol. 7, p. 9, lines 8-13)(italics added)

Appellant's trial counsel filed in the clerk's record of each cause his proposed, but denied, jury charge on self-defense. (CR 13-11-9140, pp. 43-49; CR 13-11-9158, pp. 24-30; CR 13-11-9159, pp. 24-30)

There can be a difference between denying the elements of the offense and merely pleading "not guilty" at the outset of a criminal trial. By pleading

12

"not guilty", an accused activates his presumption of innocence and puts the State to its proof beyond a reasonable doubt. It requires the government to produce evidence in open court and meet its burden of proof. A defendant can then, as the trial progresses, admit the elements of the offense, through its own or even State's witnesses, and offer the justification of self-defense. By making these remarks, the trial judge conveyed his erroneous belief that, by merely lodging a "not guilty" plea at the trial's outset, an accused procedurally bars himself from *even presenting* a self-defense claim at trial. This cannot be what the law envisioned.

A jury finding of guilty is an implicit finding rejecting the defendant's self-defense theory. *Saxton v. State,* 804 S.W.2d 910, 913 (Tex.Crim.App. 1991). If this is true, then entering a "guilty" plea before one's jury immediately after the prosecutor reads aloud the indictment is tantamount to asking that jury to summarily reject one's self-defense claim before any

evidence, from either side, has been presented.  This cannot be correct.

Self-defense is a justification for one's actions, which necessarily requires admission that the conduct occurred. *See Young v. State,* 991 S.W.2d 835, 838 (Tex.Crim.App. 1999); *MacDonald v. State,* 761 S.W.2d 56, 60 (Tex.App.-Houston [14th Dist.] 1998, *pet. ref'd*). To raise the issue of self-defense, appellant must admit the committed offense and then offer self-defense as justification. *See Young* at 839.  This is reiterated in *Anderson v. State,* 11 S.W.3d 369 (Tex.App.-Houston [1st Dist.] 2000, *pet. ref'd*).  Appellant finds no language in *Anderson* which necessarily requires a defendant to specifically plead "guilty" before his jury at the trial's outset to then be allowed to gradually admit the elements of the offense during trial and offer the legal justification of self-defense through testimony or other evidence.  If evidence of same is then admitted, the accused is entitled to a

jury charge on same and may argue this defense or justification to his jury.

A defendant is entitled to an instruction on any defensive theory … if the issue is raised by the evidence, whether that evidence is strong or weak, unimpeached or contradicted, and regardless of what the trial court may think about the credibility of the evidence. *Hamel v. State,* 916 S.W.2d 491, 493 (Tex.Crim.App. 1996); *Walker v. State,* 994 S.W.2d 199, 201 (Tex.App.-Houston [1st Dist.] 1999, *pet. ref'd*).

For this reason, the convictions in these causes should be reversed.

## *ISSUE II*

In determining legal sufficiency of the evidence, the reviewing court views all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia,* 443 U.S. 307, 319, 99

S.Ct. 2781, 61 L.Ed.2d 560 (1979); *see Vodochodsky v. State,* 158 S.W.3d 502, 509 (Tex.Crim.App. 2005). In making this determination, the reviewing court considers all the evidence admitted, including improperly admitted evidence. *Conner v. State,* 67 S.W.3d 192, 197 (Tex.Crim.App. 2001); *Holberg v. State,* 38 S.W.3d 137, 139 (Tex.Crim.App. 2000).

Appellant's trial counsel made a motion for directed verdict, when the State rested at the guilt/innocence phase, in regard to the State's failure to present sufficient evidence that appellant knew Jason McCarrell was a public servant. The trial court denied this motion. (RR Vol. 7, p.11)

Evidence showed at trial that McCarrell kept his service vehicle completely dark when responding to this call, using no lighting of any sort to prevent himself from becoming a target to appellant, who was holding a rifle in the dark, country night. McCarrell was only able to locate appellant by using thermal body sensor

equipment, which illuminated appellant to him through appellant's body heat.

Although appellant eventually fired his rifle at McCarrell, McCarrell admitted at trial that he never announced himself as a peace officer or other public servant, and that he did not in fact announce his presence *at all,* to prevent appellant from targeting him or even knowing he was present. McCarrell did not yell, "Stop, police!", or otherwise give appellant any knowledge that he was a law enforcement officer, peace officer, or other public servant prior to appellant firing his rifle at him. In fact, *McCarrell said nothing at all to alert appellant that he was even there before appellant fired at him.*

While appellant later hollered some anti-police remarks and profanities as EMS personnel dressed his wound, this was *after* appellant had been shot in his arm and had realized that police officers were on the scene. (RR Vol. 4, pp. 158-159). Accordingly, these remarks are not evidence that appellant knew McCarrell

to be a public servant or peace officer *when he fired his rifle at him minutes earlier.*

Amazingly, appellant made two 911 calls to law enforcement of his own on the night in question after being shot by law enforcement, asking for help because "some motherfucker" had shot him in the arm. (RR SX-140 and SX-141). Appellant's speech sounds erratic, slurred, and distressed, due in part to his ingestion of copious amounts of alcohol and LSD. It is clear in SX-140 that appellant, at the time of making the call, does not realize he had been shot by a law enforcement officer. Appellant identifies himself without hesitation during the call as "Charles Hill" and gives his address as "958 CR 313 East". (RR SX-140)

While voluntary intoxication is *not* a defense to any crime in Texas, appellant's ingestion of beer and liquor all day, plus LSD (hallucinogen) that afternoon, could not have helped his powers of perception and observation by nightfall. *See generally Tex.Pen.Code Ann.,* sec. 8.04 (a)(Vernon 2013). This mitigates

18

against him realizing that McCarrell was a policeman when he fired at him.

There is no evidence that appellant knew he was shooting at a policeman, sheriff's deputy, trooper, or other law enforcement agent, or any kind of public servant when he fired at Deputy McCarrell.

For these reasons, the conviction for the second count in cause 13-11-9140 should be reversed.


<u>PRAYER</u>

Appellant prays that the convictions in these causes be reversed.

Respectfully submitted,

<u>/s/ W. A. White</u>
W. A. (BILL) WHITE
ATTORNEY FOR APPELLANT
POB 7422, Vict., TX 77903
(361) 575-1774 voice/fax
TBN 00788659


<u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy or duplicate original of the foregoing has been provided to Robert

E. Bell, Jackson Co. District Attorney's Office, 115 W. Main Street, 2nd Flr, Edna, TX 77957 via U.S. mail, fax, electronic delivery, or hand-delivery on this the 17th day of June 2015.

/s/ W. A. White
W. A. White

## CERTIFICATE OF COMPLIANCE

I certify that this brief contains 2,697 words.

/s/ W. A. White
W. A. White