**Hubert Loyde MORGAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–90–00266–CR.**

Court of Appeals of Texas,
Tyler.

Aug. 31, 1993.

Discretionary Review Refused
Dec. 15, 1993.

Paul Tatum, Nacogdoches, for appellant.

Michael L. Graham, Nacogdoches, for appellee.

Before BILL BASS, and HOLCOMB, JJ., and COLLEY,[1] Retired J.

COLLEY, Justice (Retired).

Appellant Hubert Loyde Morgan was convicted of the murder of his wife by a jury who assessed his punishment at fifteen years and one day confinement in the Institutional Division of the Texas Department of Criminal Justice. We will reverse and remand the cause for a new trial.

Appellant admitted that he shot the victim, his wife, but entered a plea of not-guilty by reason of insanity.[2] At trial three medical doctors with specialties in psychiatry examined Appellant within a few weeks of the shooting. These doctors testified that based on Appellant's history of former behavior,

---

1. Paul S. Colley, Justice (Retired), Tyler Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court pursuant to Tex.Gov't. Code Ann. § 74.003(b) (Vernon 1988).

2. TEX.PENAL CODE ANN. § 8.01 (Vernon 1978 and Vernon Supp.1993) provides:

that he was, at the time of the shooting, afflicted with a severe mental disease, and was therefore incapable of knowing that his conduct in shooting the victim was wrong. In addition, several relatives, two children, a son-in-law and a brother and many friends, all lay persons testified at trial that at the time of the shooting, Appellant was "mentally sick", "withdrawn", and "way out", not himself at all. In rebuttal the State offered but one expert witness, a doctor of psychology at the Vernon State Hospital who testified that upon his examination of the Appellant, approximately five months or so after the shooting, he held the opinion that, while the Appellant was suffering from severe depression at the time of the shooting, he was not legally insane at that time, that is, that Appellant knew his conduct in shooting his wife was wrong.

Appellant presents two points of error. By his first point of error he claims that the court erred in overruling his objection to the trial court's guilt/innocent charge because he the court failed "to instruct the jury that a valid waiver" of the constitutional protections inherent in the Miranda [3] warnings cannot be made by an accused who is mentally deficient.

Appellant argues under his second point of error that the evidence is insufficient to sustain the guilty verdict because "the evidence shows that the defendant was insane at the time of the shooting as a matter of law." Appellant further argues under the second point that no "rational trier of fact" could have found that the Defendant failed to prove the affirmative defense of insanity by a preponderance of the evidence. Appellant further argues under the point that "the testimony is simply overwhelming by three competent [psychiatrists] ..." that Appellant, as a consequence of his severe mental disease "did not know" his conduct in shooting his wife was wrong. Although Appellant

proposes that we utilize the wrong standard of review for the affirmative defense of insanity, which he gleans from cases that have been overruled, namely *Van Guilder v. State,* 709 S.W.2d 178 (Tex.Cr.App.1985) and *Schuessler v. State,* 719 S.W.2d 320 (Tex.Cr. App.1986), we understand his point of error to claim that the jury's implicit finding that Appellant was not insane at the time of the commission of the offense was contrary to the overwhelming weight and preponderance of the evidence. *See Meraz v. State,* 785 S.W.2d 146, 155 (Tex.Cr.App.1990). We agree with that argument and therefore sustain Appellant's second point of error. Because our ruling is dispositive of this appeal, we need not rule on Appellant's first point of error. However, in the event of a new trial, we note that the trial court did in fact conduct a *Jackson v. Denno* hearing [4] outside the presence of the jury, and made the required findings of fact and conclusions of law mandated by the United States Supreme Court. These findings are supported by the evidence adduced at that hearing.

In response to this point of error we note that obviously we have concluded in this opinion that the evidence at trial raised the issue of Appellant's insanity at the time of the shooting; therefore, even if the court erred in failing to so instruct the jury in regard to the written confession, we are of the opinion and conclude that the error was harmless beyond a reasonable doubt because other admissible and unchallenged evidence established the facts set forth in the confession. Tex.R.App.P. 81(b)(2). Additionally, the Appellant never denied that he shot his wife. That fact was undisputed.

In coming to the conclusion that the jury's implicit finding that Appellant was not legally insane at the time of the shooting is contrary to the weight and preponderance of the evidence, we have carefully weighed and considered all of the evidence in light of the facts

---

(a) "It is an affirmative defense to prosecution that, at the time of the conduct charged, the actor, as a result of severe mental disease or defect, does not know that his conduct was wrong."

(b) "The term 'mental disease or defect' does not include an abnormality manifested only by

repeated criminal or otherwise antisocial conduct."

3. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

4. *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).

and circumstances that the expert opinions of the three psychiatrists were founded upon examination and diagnoses made in proximity to the time of the shooting when compared to the expert opinion of the State's psychologist. Moreover, the three psychiatrists had for their perusal a more reliable medical history of Appellant's mental disease which is supported by the testimony of Appellant's close friends, two of his children, a son-in-law and a brother.

Therefore we reverse the judgment of conviction and remand the case for a new trial. This reversal does not trigger the application of the Double Jeopardy Clause of the Sixth Amendment. *See Tibbs v. Florida,* 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982).