ACCEPTED
03-14-00180-CR
4230772
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/20/2015 1:41:28 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00180-CR

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
2/20/2015 1:41:28 PM
JEFFREY D. KYLE
Clerk

In The Court Of Appeals for the Third District, Austin, Texas

Curtis Wayne Adams,
Appellant
vs.
The State Of Texas,
Appellee

Appeal from the 299th District Court of Travis County, Texas
Cause Number D-1-DC-11-904084

## State's Brief

Rosemary Lehmberg
District Attorney
Travis County, Texas

Rosa Theofanis
Texas Bar No. 24037591
Assistant District Attorney
District Attorney's Office
P.O. Box 1748
Austin, Texas 78767
Phone: 512.854.9400
Fax: 512.854.9695
Email:Rosa.Theofanis@traviscountytx.gov
AppellateTCDA @traviscountytx.gov

Oral Argument Not Requested

# Identity of Parties and Counsel

In accordance with Texas Rule of Appellate Procedure 38.2(a)(1)(A), the State supplements the Identity of Parties and Counsel set out in the appellant's brief as follows:

Appellate Prosecutors

Ms. Rosemary Lehmberg
Travis County District Attorney
P.O. Box 1748
Austin, TX 78767

Rosa Theofanis
Assistant District Attorney
Travis County District Attorney
P.O. Box 1748
Austin, TX 78767

# Table of Contents

Identity of Parties and Counsel ........................................................... i

Index of Authorities ...................................................................... iii

Statement of the Case ......................................................................2

Statement Regarding Oral Argument .............................................3

Statement of Facts ...........................................................................4

Summary of the Argument................................................................7

State's Reply to the Appellant's First Point of Error ................9

  I.  The trial court did not err in exercising its discretion to exclude the appellant's witness's testimony. ............................................ 11

  II. The appellant was afforded due process for an insanity defense...17

  III. The appellant's remaining constitutional arguments are inadequately briefed. .................................................................20

  IV. Even if the trial court erred in excluding the testimony of Philip Baker, any error was harmless.........................................................23

State's Reply to the Appellant's Second Point of Error ..........28

  I. Despite the fact that the State did not file Exhibit 31 with the clerk of the court 14 days prior to trial, the exhibit was properly authenticated. ....................................................................29

  II. Even if admission of Exhibit 31 was erroneous, the error was harmless. ......................................................................36

State's Response to the Appellant's Third Point of Error ......41

  I. The prosecutor's jury argument was not improper. ........................42

  II. Even if the prosecutor's argument was improper, an instruction to disregard was sufficient to cure any prejudice....................................46

Prayer ...........................................................................48

Certificate of Compliance...............................................................50

Certificate of Service .....................................................................50

# Index of Authorities

## CASES

*Ake v. Oklahoma*, 740 U.S. 68 (1985) .............................................. 17, 18

*Anderson v. State*, 717 S.W. 2d 622 (Tex. Crim. App. 1986) .................. 38

*Baker v. State*, 682 S.W.2d 701 (Tex. Crim. App. 1986) ........................ 15

*Bigby v. State*, 892 S.W. 2d 864 (Tex. Crim. App. 1994) ....................... 15

*Borjan v. State*, 787 S.W. 2d 53 (Tex. Crim. App. 1990) ........................ 42

*Cantu v. State*, 939 S.W.2d 627 (Tex. Crim. App. 1997) ........................ 45

*Coble v. State*, 330 S.W. 3d 253 (Tex. Crim. App. 2010) ........................ 36

*Cooks v. State*, 844 S.W. 2d 697 (Tex. Crim. App. 1992) ....................... 47

*De Freece v. State*, 848 S.W.2d 150 (Tex. Crim. App. 1993) ............ 17, 18

*Hankins v. State*, 132 S.W.3d 380 (Tex. Crim. App. 2004) ............... 21, 40

*Harris v. State*, No. 03-97-00384-CR,1998 WL 546179 (Tex. App.—

    Austin Aug. 31, 1998) (not designated for publication) ...................... 32

*Hawkins v. State*, 135 S.W.3d 72 (Tex. Crim. App. 2004) ..................... 46

*Hernandez v. State*, 819 S.W.2d 806, 820 (Tex. Crim. App. 1991). ....... 42

*Johnson v. State*, 604 S.W. 2d 128 (Tex. Crim. App. 1980) (panel op.).. 45

*Johnson v. State*, 967 S.W. 2d 410 (Tex. Crim. App. 1998) ........ 24, 36, 37

*King v. State*, 953 S.W. 2d 266 (Tex. Crim. App. 1997)..............24, 26, 37

*Kotteakos v. United States*, 328 U.S. 750 (1945).......................24, 26, 36

*Ladd v. State*, 3 S.W. 3d 547 (Tex. Crim. App. 1999), cert. denied, 529

   U.S. 1070 (2000)................................................................47

*Long v. State*, 823 S.W.2d 259 (Tex. Crim. App. 1991)..........................42

*Modden v. State*, 721 S.W. 2d 859 (Tex. Crim. App. 1986).....................44

*Montgomery v. State*, 810 S.W.2d 372 (Tex. Crim. App. 1990).................

   .................................................................................11, 29, 35, 41

*Morgan v. State*, 869 S.W.2d 388 (Tex. App.—Tyler 1993, pet. ref'd) ...15

*Pacheco v. State*, 757 S.W. 2d 729 (Tex. Crim. App. 1988). ...................14

*Potier v. State*, 68 S.W.3d 657 (Tex. Crim. App. 2002)...............23, 25, 26

*Reed v. State*, 811 S.W. 2d 582 (Tex. Crim. App. 1991)..........................33

*Reyna v. State*, 168 S.W. 3d 173 (Tex. Crim. App. 2005) .......................31

*Thrift v. State*, 176 S.W.3d 221 (Tex. Crim. App. 2005).........................48

*United States v. Jimenez Lopez*, 873 F.2d 769 (5th Cir. 1989)..............33

*United States v. Scheffer*, 523 U.S. 303 (1998) .....................................25

*Wead v. State*, 129 S.W.3d 126 (Tex. Crim. App. 2004) .........................41

*Winegarner v. State*, 235 S.W.3d 787 (Tex. Crim. App. 2007) ...............35

## STATUTES

TEX. CODE. CRIM. PROC. art. 37.07. ........................................................44

TEX. PENAL CODE § 8.01 ........................................................................12

TEX. R. APP. PROC. 38.1. ...................................................................21, 40

TEX. R. APP. PROC. 44.2(a) ....................................................................24

Tex. R. App. Proc. 44.2(a)–(b)................................................................23

TEX. R. EVID. 401 ....................................................................................12

TEX. R. EVID. 901(b)(1) ...........................................................................35

TEX. R. EVID. 902(10) ..............................................................................34

TEX. R. EVID. 902(10), 61 TEX B.J. 374 (1998) (current version at TEX.

R. EVID. 902(10)) ...............................................................................30

No. 03-14-0180-CR
In the Court Of Appeals
Third District
Austin, Texas

---

Curtis Wayne Adams,
Appellant

vs.

The State of Texas,
Appellee

---

Appeal from the 299th District Court
Travis County, Texas
Cause Number D-1-DC-11-904084

---

State's Brief

---

To the Honorable Court of Appeals:

The State of Texas, by and through the District Attorney for Travis County, respectfully submits this brief in response to that of the appellant.

1

# Statement of the Case

*Nature of the Case*  The appellant was charged with one count of Aggravated Assault-Bodily Injury with a Deadly Weapon. CR 7.

*Trial Court*  The Honorable Karen Sage, Wilford Flowers, and Bob Perkins, Judges, presiding 299th Judicial District of Travis County, Texas. Cause No. D-1-DC-11-904084. 1 RR 1.

*Course of Proceedings*  On November 3, 2011, the grand jury for Travis County indicted the appellant for aggravated assault with a deadly weapon. CR 7. The indictment also included an enhancement paragraph alleging the appellant had a prior conviction for aggravated assault. CR 7-8. The appellant proceeded to trial by jury on November 14, 2011, pleading "not guilty." 3 RR 5. 1 RR 3. The State presented thirteen witnesses during the guilt/innocence phase of the trial and the appellant presented none. 1 RR 4-6. The appellant did not testify. 1 RR 3-6. At the close of evidence, the jury found the appellant guilty of aggravated assault with a deadly weapon. 5 RR 89. The appellant elected to go to the jury for sentencing. 5 RR 89-90. The punishment stage of the trial began on November 16, 2011. 5 RR 90. 1 RR 7. The State presented four witnesses and the defense presented three. 1 RR 7-9. The appellant did not testify. *Id.* On November 17, 2011, the jury sentenced the appellant to 20 years imprisonment in the Texas Department of Criminal Justice. CR 65; 6 RR 105.

*Disposition*  Date Sentenced:  November 17, 2011.  CR 65; 6 RR 105.
Sentence:  20 years imprisonment. *Id.*

*Appeal*  The appellant was given the opportunity to file an out-of-time appeal of the judgment of conviction in this cause. Supp. CR 49.
Notice of Appeal Filed: March 21, 2014.  Supp CR 47.
Appellant's Brief Filed: October 22, 2014.
Appellee's Brief Timely if Filed: February 20, 2015.

## Statement Regarding Oral Argument

Because the issues, facts, legal authorities, and arguments pertinent to the instant appeal are adequately addressed in the briefs submitted by the parties, the State respectfully asserts that the Court's decisional process would not be significantly aided by oral arguments. Accordingly, the State does not request oral argument.

## Statement of Facts

On the night of February 7, 2011, Aubry JeanJacques was leaving a drug store with his brother's heart medication when the appellant, a stranger, approached him. 4 RR 115. The appellant knocked Mr. JeanJacques to the ground, straddled him, and began punching him repeatedly, delivering upwards of 20 blows to his face. 4 RR 27–29. Mr. JeanJacques was critically injured by the time the police and paramedics arrived. Mr. JeanJacques was having trouble breathing due to the blood in his airway and was nearly unconscious. 4 RR 89. 91. 125. At the time of trial, Mr. JeanJacques's injuries had caused him to experience severe headaches, cloudy vision, and memory loss; health problems he did not have prior to the assault. 4 RR 118–19. After leaving Mr. JeanJacques semi-conscious and gravely injured, the appellant walked away from

the scene, where he was quickly detained by the Austin Police Department. 4 RR 71, 90–91, 127.

Prior to trial, the appellant's trial counsel, William Browning, notified the Court that he would be presenting an insanity defense. CR 101; 4 RR 7. The Honorable Karen Sage accepted the appellant's notice of an insanity defense and ordered that Dr. Harold Scott be appointed to administer a psychiatric evaluation to the appellant. CR 103–04. At trial, the Honorable Bob Perkins agreed that the appellant could proceed with presenting an insanity defense. 4 RR 7.

At trial, the appellant called his former roommate, Mr. Philip Baker to testify to his insanity at the time of the assault. 5 RR 46. During *voir dire*, Mr. Baker described the appellant as "delusional," but said that he had not seen the

appellant since at least ten days prior to the assault. 5 RR 50, 64. The State objected to this testimony as irrelevant to the issue of whether the appellant was insane at the time of the assault. 5 RR 65. The trial court agreed with the State and declined to allow Mr. Baker to testify. 5 RR 66. The appellant called no other witnesses in support of his insanity defense.

## Summary of the Argument

1.  The appellant was not denied the opportunity to present an insanity defense. The appellant had a psychiatrist to evaluate him as well as assistance of counsel in his insanity defense. He was able to secure a jury instruction on insanity and argued insanity in his closing jury argument without objection. The trial court did not abuse its discretion in excluding the testimony of Philip Baker, the appellant's friend and former roommate because his testimony was irrelevant to question of whether the appellant knew right from wrong at the time of the assault. The proper exclusion of this evidence did not amount to the denial of the opportunity to present an insanity defense. Even if the trial court erred in excluding the testimony of Philip Baker, any error was harmless.

2.  The trial court's decision to admit Exhibit 31, the victim's EMS Patient Care Report, into evidence was not an abuse of discretion. Despite the fact that the State did not file Exhibit 31 with the clerk of the court 14 days prior to trial, the exhibit was properly authenticated. Even if the admission of the exhibit was erroneous, the error was harmless.

3.  The prosecutor's jury argument was not improper. The prosecutor's plea to the jury to focus on their determination of guilt or innocence rather than

punishment was not improper jury argument and it introduced no extraneous offenses or prior bad acts to the jury. Even if the prosecutor's argument was improper, an instruction to disregard was sufficient to cure any prejudice. The trial court did not abuse its discretion in denying the appellant's motion for a mistrial.

## State's Reply to the Appellant's First Point of Error

The trial court did not abuse its discretion in excluding the testimony of Philip Baker, the appellant's friend and former roommate because his testimony was irrelevant to the issue of insanity.  The appellant was afforded due process in his insanity defense and the proper exclusion of this evidence did not amount to the denial of the opportunity to present an insanity defense.  Even if the trial court erred in excluding the testimony, any error was harmless.

## Argument and Authorities

The appellant contends that the trial court erred in ruling that his sole witness to his inability to discern right from wrong could not testify during the guilt-innocence phase of the trial.  Appellant's Brief at 9.  The appellant

further equates this exclusion of evidence to a total denial of his opportunity to present an insanity defense. Appellant's Brief at 9.

However, the trial court did not err in excluding the witness, Philip Baker's, testimony. The testimony was cumulative and irrelevant to the question of whether the appellant knew right from wrong at the time of the assault. Further, exclusion of this evidence did not deny the appellant the opportunity to present an insanity defense. The appellant was able to secure an instruction giving the jury the option of finding him not guilty by reason of insanity. The appellant also addressed his alleged insanity in his jury argument without objection. The appellant was given due process for presentation of insanity defense, including a psychiatrist to evaluate him.

## Standard of Review

An appellate court should not set aside a trial court's evidentiary ruling absent an abuse of discretion. *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990). The test for abuse of discretion is whether the trial court acted "without reference to any guiding rules or principles" and in a manner that was "arbitrary or unreasonable." *Id.* at 380.

## I. The trial court did not err in exercising its discretion to exclude the appellant's witness's testimony.

The trial court did not err in excluding the testimony of the appellant's witness during the guilt-innocence phase. The appellant's witness was examined during *voir dire* and his testimony was correctly found to be irrelevant to the issue of whether the appellant knew right from wrong at the time of the crime. 5 RR 46–66.

## A. The appellant's witness's testimony was irrelevant to the issue of insanity.

Texas Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of a fact that is of consequence…more or less probable than it would be without the evidence." TEX. R. EVID. 401. In order to show insanity under § 8.01 of the Texas Penal Code, the appellant needed to demonstrate that he was both suffering from a "severe mental disease or defect" and did not know right from wrong at the time of the assault. TEX. PENAL CODE § 8.01(a).

Testimony from the appellant's friend and former roommate, Philip Baker, did not tend to make either of the elements of the insanity defense more or less true. In undergoing the evidentiary analysis during *voir dire*, the

trial court found Mr. Baker's testimony regarding the appellant's general mental health to be cumulative because after hearing the testimony of the State's expert witness, there was no real question as to the appellant's mental health problems and propensity towards delusion. 5 RR 61. Rule 403 says that even if evidence is relevant, it may still be excluded as a "needless presentation of cumulative evidence." TEX. R. EVID. 403.

As to the question of whether the appellant knew right from wrong at the time of the crime, Mr. Baker's testimony provided nothing probative. During *voir dire*, Mr. Baker admitted that he was "not in a position to render any opinion as to whether or not [the appellant] knew the difference between right and wrong" at the time of the assault. 5 RR 51. When questioned further as to why he had formed an

impression that the appellant did not know right from wrong two to three weeks prior to the crime, Mr. Baker said only that he knew the appellant "better than his own family" and that the appellant was "delusional," a fact that had already been established by previous testimony. 5 RR 16, 63–65.

Additionally, Mr. Baker's interactions with the appellant were too far removed in time to support a finding of legal insanity. While "properly admitted testimony of lay witnesses is sufficient to support a finding of insanity," the testimony is not properly admitted if it does not speak to circumstances contemporaneous with the crime itself. *Pacheco v. State*, 757 S.W. 2d 729, 733–35 (Tex. Crim. App. 1988). Mr. Baker repeatedly admitted that he had not seen, spoken to, or observed the appellant on the date of the assault, and so could not render any opinion as to the

appellant's mental state at the time of the crime. Whereas an expert's opinion as to whether a perpetrator was insane at the time of the crime may properly formed from medical records and observations further removed from the time of the crime, a lay witness's opinion testimony is limited to his impressions of what he has personally observed. *Bigby v. State*, 892 S.W. 2d 864, 889 (Tex. Crim. App. 1994). In supporting his contention that Mr. Baker's testimony was timely enough to be admitted, the appellant relies on cases involving *expert* testimony derived from evaluations 11 days, 22 days, and "a few weeks" after the crimes occurred. Appellant's Brief at 13; *Baker v. State*, 682 S.W.2d 701 (Tex. Crim. App. 1986); *Bigby*, 892 S.W. 2d 864; *Morgan v. State*, 869 S.W.2d 388 (Tex. App.—Tyler 1993, pet. ref'd). The appellant also argues that the State's witness in this case,

psychiatric expert Dr. Scott, was permitted to offer his observations from his evaluation of the appellant four months after the crime. Mr. Baker, however, is held to a different standard as a lay witness. His testimony must be based on what he had personally observed about the appellant at a time close to the commission of the crime. When pressed in *voir dire*, Mr. Baker could not give specific examples supporting the appellant's claim that he did not know right from wrong at the time of the crime. Mr. Baker testified that the last time he had seen the appellant, he was "in the grip of…religious delusions and…paranoia," but did not relate that to his "impression" that the appellant was unable to discern the difference between right and wrong. 5 RR 50–51. For this reason, Mr. Baker's testimony is ultimately inadmissible.

## II. The appellant was afforded due process for an insanity defense.

The appellant also asserts that his Fifth Amendment right to due process was violated by the trial court's exclusion of Mr. Baker's testimony. Due process for a defense of insanity requires that a defendant be given access to the "raw materials integral to the building of an effective defense" so that he may be "at least minimally equipped to participate meaningfully in [the] adversarial process." *De Freece v. State*, 848 S.W.2d 150, 155-158 (Tex. Crim. App. 1993) (citing *Ake v. Oklahoma*, 740 U.S. 68 (1985)). In *De Freece*, the Court of Criminal Appeals held that appointment of a psychiatrist is a raw material to which defendants are entitled if they demonstrate that insanity will be a

17

significant factor in the case. *Id.* at 156 (citing *Ake*, 740 U.S. at 83).

The appellant asked for and was appointed a psychiatrist to evaluate him in aid of his insanity defense. CR 103. The appellant also received an attorney to file the insanity motion on his behalf and further argue his insanity at trial. CR 93. Those are the raw materials required for due process to be fulfilled. The Court has not held that defendants are entitled to present otherwise irrelevant evidence simply because they have no other evidence tending to prove the elements of insanity. The appellant was not precluded from presenting an insanity defense. Rather, the evidence he presented was not probative of his alleged inability to perceive right and wrong, which made it irrelevant under Texas Rule of Evidence 401. At trial, the

appellant questioned the State's witness on the subject of his alleged insanity, argued for a finding of insanity in his closing statement, and secured a jury instruction defining insanity and giving the jury the option to find him not guilty by reason of insanity. 5 RR 32–46, 82–84; CR 46–47. While this exclusion removed the testimony of the appellant's sole witness, it is not tantamount to a denial of the appellant's opportunity to present an insanity defense at all. It was a proper evidentiary decision, fully within the trial court's discretion. The appellant was given the forum in which to present his defense, but was not able to provide any relevant evidence with which to mount it. The appellant was given his due process and a fair trial. The trial court did not abuse its discretion in excluding the irrelevant evidence that the appellant offered.

### III. The appellant's remaining constitutional arguments are inadequately briefed.

In his brief, the appellant alleges violations of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution. The Fifth Amendment due process claim is addressed above, but the appellant's claim that he was deprived of his constitutional right to a fair trial and was subjected to cruel and unusual punishment are not only without merit, they are not fully developed.

The appellant does not specify how the trial court's ruling excluding the testimony of Philip Baker impacted his Sixth, Eighth, and Fourteenth Amendment or Texas Constitutional rights. The appellant's Sixth Amendment claim consists of one sentence—the accusation that the trial

court abused its discretion by ruling on the State's objection to Phillip Baker's testimony "without any reference to relevant contraindicating principles of law." Appellant's Brief at 13. The parties must present "clear and concise argument for the contentions made, with appropriate citations to authorities and the record." TEX. R. APP. PROC. 38.1. The appellant's brief makes no argument in support of his conclusory allegation of a Sixth Amendment violation. Because the claim is inadequately briefed, it is unclear what constitutes the alleged violations of his constitutional rights under these provisions. *See Hankins v. State*, 132 S.W.3d 380, 385 (Tex. Crim. App. 2004) ("Because the appellant does not provide any argument or authority in support of this contention, it is inadequately briefed"). For this reason, the claim should be overruled.

The appellant also equates the trial court's exclusion of Mr. Baker's testimony with a violation of the Eighth Amendment's protection against a punishment that is neither cruel nor unusual. Appellant's Brief at 13. With regards to this claim, it should be noted that Mr. Baker was allowed to testify in the penalty phase of the trial so as to ensure that the jury was provided with all the evidence necessary to assess a fair and proper punishment. 6 RR 53–66. The exclusion of that testimony at the guilt-innocence phase did not subject the appellant to an unconstitutionally cruel and unusual punishment. Cruel and unusual punishment, as characterized by the authority to which the appellant cites, would be subjecting a person with limited moral culpability to a gravely disproportionate penalty, such as execution. Appellant's Brief at 13. Further, neither the

proportionality nor the propriety of the sentence is at issue in the appeal, as this point of error only concerns the guilt-innocence phase of the trial. Again, the appellant's claim is not adequately developed or briefed.

### IV. Even if the trial court erred in excluding the testimony of the appellant's witness, any error was harmless.

Exclusion of evidence in a criminal trial should be disregarded unless it is constitutional error or non-constitutional error that substantially affects the defendant's rights. TEX. R. APP. PROC. 44.2(a)–(b). Exclusion of a defendant's evidence is constitutional error "only if the evidence forms such a vital portion of the case that exclusion effectively precludes the defendant from presenting a defense." *Potier v. State*, 68 S.W.3d 657, 665 (Tex. Crim. App. 2002). Constitutional error is subject to harmless error

review. TEX. R. APP. PROC. 44.2(a). Non-constitutional error is disregarded unless it affects the appellant's substantial rights. *Id.* Error affects a substantial right when it has a "substantial and injurious effect or influence in determining the jury's verdict." *Kotteakos v. United States*, 328 U.S. 750, 776 (1945); *King v. State*, 953 S.W. 2d 266, 271 (Tex. Crim. App. 1997). A criminal conviction should not be overturned for non-constitutional error if the appellate court, after examining the record as a whole, has "fair assurance that the error did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

The appellant claims that the trial court denied him an opportunity to present his insanity defense. However, as discussed *supra*, the appellant was prevented only from

presenting evidence that was redundant, cumulative, and ultimately not probative of the only element of his insanity defense that was in dispute—that he did not know right from wrong at the time of the crime. The appellant believes that he was deprived an opportunity to present his defense only because without the testimony of his sole witness, he had no other evidence to present. The appellant's allegation of error rests on the assumption that he was denied his right to present evidence in his favor. Appellant's Brief 11. However, no such right exists. *See United States v. Scheffer*, 523 U.S. 303, 316 (1998); *Potier v. State*, 68 S.W.3d 657, 659 (Tex. Crim. App. 2002). Any error in the trial court's exclusion of the witness's testimony was harmless.

Error is also harmless as long as it did not have a substantial or injurious effect or influence on the jury's

decision. *Kotteakos*, 328 U.S. at 776; *King*, 953 S.W. 2d at 271. That the appellant was "unable to [ ] present his case to the extent…he desired is not prejudicial where…he was not prevented from presenting the substance of his defense to the jury." *Potier*, 68 S.W. 3d at 666. The appellant was not prevented from presenting his defense to the jury. The appellant was able to cross-examine the State's witness on the subject of his alleged insanity; he argued for a finding of insanity in his closing statement, and secured a jury instruction defining insanity and giving the jury the option of finding him not guilty by reason of insanity. 5 RR 32–46, 82–84; CR 46–47. Presenting the jury with Mr. Baker's testimony would not have changed the jury's finding of insanity in any appreciable way. The main thrust of Mr. Baker's testimony was that the appellant had a history of

delusion, evidence which had already been presented through the testimony of the State's witness, Dr. Scott. Further, questioning at *voir dire* revealed that Mr. Baker possessed no information or timely, personal observations counteracting the basis for Dr. Scott's conclusion that the appellant knew right from the wrong at the time of the offense. 5 RR 21–26.

The appellate court affords great deference to the trial judge's determination of the admissibility of evidence unless the decision constitutes an abuse of discretion. It is evident from the record that the trial judge conscientiously utilized all the requisite guiding rules and principles to come to a conclusion that was neither arbitrary nor unreasonable. Accordingly, the trial court's ruling on the admissibility of Mr. Baker's testimony should be **affirmed**.

## State's Reply to the
## Appellant's Second Point of Error

The trial court's decision to admit Exhibit 31, the victim's EMS Patient Care Report, into evidence was not an abuse of discretion because despite the fact that the State did not file Exhibit 31 with the clerk of the court 14 days prior to trial, the exhibit was properly authenticated. Even if the admission of the exhibit was erroneous, the error was harmless.

## Argument and Authorities

The appellant objects to the admission of State's Exhibit 31, the victim's Travis County EMS Patient Care Report, because he claims it was improperly authenticated under Texas Rule of Evidence 902(10) and so constituted inadmissible hearsay. Appellant's Brief at 15. The trial court did not err in permitting admission of this authenticated report.

## Standard of Review

The appellate court reviews a trial court's evidentiary ruling for abuse of discretion. *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990)). The court should not upset the trial court's ruling unless the court acted "without reference to any guiding rules or principles" and in a manner that was "arbitrary or unreasonable." *Id.* at 380.

> I. **Despite the fact that the State did not file Exhibit 31 with the clerk of the court 14 days prior to trial, the exhibit was properly authenticated.**

At the time of the appellant's trial in 2012, Texas Rule of Evidence 902(10) provided that business records admissible under Rule 803(6) and 803(7) may be authenticated when accompanied by an affidavit "filed with

the clerk of the court…at least fourteen days prior" to the start of the trial. TEX. R. EVID. 902(10), 61 TEX B.J. 374 (1998) (current version at TEX. R. EVID. 902(10)). At trial, the State offered the victim's medical records under 803(6), and the appellant's trial counsel objected because the records had never been filed with the clerk's office. 4 RR 94–95. However, the State properly notified the appellant that it intended to offer these records and filed the authenticating affidavit within the 14 day time limit prescribed by the Rule. 4 RR 95–96. The State also provided a copy of the records to the appellant prior to their introduction at trial, action which was not required by the Rule. *Id.* Trial counsel's *only* objection to the admission of the record was that it was not on file with the district clerk prior to the start of the trial. 4 RR 96.

The appellant also makes an unsupported Sixth Amendment Confrontation Clause claim, insinuating that the objection at trial was more than a procedural authentication issue. Brief 14–15. However, there was no objection on Confrontation Clause grounds at trial, only a hearsay objection to a lack of proper authentication. "An objection [to] hearsay does not preserve error on Confrontation Clause grounds." *Reyna v. State*, 168 S.W. 3d 173, 179 (Tex. Crim. App. 2005). The appellant's Sixth Amendment clause argument should be overruled.

Only one issue was preserved with regard to the admission of the victim's patient care report—whether the exhibit was properly authenticated under Rule 902(10)(a). The appellant states that this Court has held that "medical records which the State failed to file with the clerk two

31

weeks before trial are inadmissible by law." Appellant's Brief 16 (citing *Harris v. State*, No. 03-97-00384-CR,1998 WL 546179, at \*2 (Tex. App.—Austin Aug. 31, 1998) (not designated for publication). However, in *Harris*, the case that the appellant relies upon, this Court actually held that the medical records at issue had been properly admitted because the custodian of the record was called as a witness to testify. *Harris v. State*, No. 03-97-00384-CR,1998 WL 546179, at \*2. Although *Harris* goes on to re-state the remaining part of the relevant evidentiary rule, saying that records may also be admitted by affidavit, that case did not interpret or rely upon Rule 902(10) because "the prosecutor chose to introduce the medical records through the first method rather than by filing an affidavit." *Id.* *Harris* did

not restrict the trial court's discretion to admit the records under Rule 902(10)(a).

The trial court did not err in admitting Exhibit 31 simply because the State did not file a copy of the Patient Care Report with a clerk's office. Conclusive proof of authenticity before allowing admission of disputed evidence is not required; Rule 901 requires only that the proponent of the evidence furnish the court with evidence "sufficient to support a finding that the evidence in question is what its proponent claims it to be." *See e.g. Reed v. State*, 811 S.W. 2d 582, 587 (Tex. Crim. App. 1991) (citing *United States v. Jimenez Lopez*, 873 F.2d 769, 772 (5th Cir. 1989)). In this case, the State provided the trial court with more than enough evidence to support a finding that the Patient Care

Report was authentic, and, in fact, went "beyond what the Rule require[d]. 4 RR 98.

The trial court found that the State had complied with the "spirit of the law" and had accomplished the ultimate objective of authentication through its actions. *Id.* In fact, the State anticipated the 2013 modification to Rule 902(10), which no longer requires that the record at issue be filed with the district clerk. The rule now states that authentication is accomplished by serving the opposing party with a copy of the record within 14 days of the trial. TEX. R. EVID. 902(10).

Moreover, the report was also authenticated by a second method. Immediately before the exhibit was offered into evidence, Amanda Stinson (neé Randle), the paramedic

34

who responded to the assault on Mr. JeanJacques, testified that she had written the report. 4 RR 93–94. Texas Rule of Evidence 901(b)(1) allows a "witness with knowledge" to testify that "a matter is what it is claimed to be." TEX. R. EVID. 901(b)(1). As the prosecutor pointed out at trial, Ms. Stinson's testimony that she wrote the patient care report properly authenticated the document. 4 RR 99. Even if authentication was not proper under Rule 902(10), the report was admissible under Rule 901(b)(1). The appellate court must uphold the trial court's decision "as long as [it] was correct under any theory of law applicable to the case." *Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007) (citing *Montgomery v. State*, 810 S.W.2d at 391.

Because the report was properly authenticated under two independent bases, the trial court did not commit an abuse of discretion in admitting it.

## II. Even if admission of Exhibit 31 was erroneous, the error was harmless.

Even if the trial court did err in admitting the victim's medical records, the error was harmless. Erroneous admission of evidence is non-constitutional error. *See, e.g.*, *Coble v. State*, 330 S.W. 3d 253, 280 (Tex. Crim. App. 2010); *Johnson v. State*, 967 S.W. 2d 410, 417 (Tex. Crim. App. 1998). Non-constitutional error is disregarded unless it affects the appellant's substantial rights. TEX. R. APP. P. 44.2(b). Error affects a substantial right when it has a "substantial or injurious effect or influence in determining the jury's verdict." *Kotteakos v. United States*, 328 U.S. at

776; *King v. State*, 953 S.W. 2d at 271. A criminal conviction should not be overturned for non-constitutional error if the appellate court, after examining the record as a whole, has "fair assurance that the error did not influence the jury, or had but a slight effect." *Johnson v. State*, 967 S.W. 2d at 417.

Admission of Exhibit 31, the victim's Patient Care Report from Travis County EMS, did not have a substantial or injurious effect on the appellant's case, nor did it influence the jury in reaching their verdict. Contrary to the appellant's assertion, the information about the extent of the victim's injuries contained in the report was not "highly prejudicial." Appellant's Brief 17. In fact, the report's flat descriptions of the injuries paled in comparison to the previous uncontested testimony of witnesses who described

the victim's injuries in graphic detail. One witness said he heard the victim's nose break, while paramedic Amanda Stinson testified that the victim was having trouble breathing due to the blood flooding his throat. 4 RR 28-29, 76. Even more vivid are the photos of victim's injuries that were admitted without objection before Exhibit 31 was offered into evidence. 4 RR 83. Additionally, the paramedic who wrote the report, Amanda Stinson, testified to the same information about the victim's injuries immediately before the exhibit was admitted. 4 RR 88–94. Inadmissible evidence is harmless "if other evidence at trial is admitted without objection and it proves the same fact that the inadmissible evidence sought to prove." *Anderson v. State*, 717 S.W. 2d 622, 628 (Tex. Crim. App. 1986)(internal citations omitted.)

Further, it is unlikely that the information in Exhibit 31 influenced or directed the jury's decision in any way. Because the appellant conceded that he assaulted Mr. JeanJacques, the jury had two options—to find the appellant guilty or to find him not guilty by reason of insanity. 5 RR 83. The EMS report did not contain any information tending to prove or disprove that the appellant was suffering from a severe mental disease or defect or that he did not know right from wrong at the time of the assault. Even if the exhibit were admitted in error, any error was harmless.

## III. The appellant's remaining Constitutional claims should be overruled.

As discussed *supra*, the appellant's Sixth Amendment Confrontation Cause claim was not preserved at trial, and should be overruled by this Court. The appellant alleges an additional Fifth Amendment violation by admission of Exhibit 31 into evidence, but he fails to develop that claim any further. The appellant makes a contention, but no arguments to support it, and so has inadequately briefed his claim. The claim should be overruled. *See Hankins v. State*, 132 S.W. 3d 380, 385 (Tex. Crim. App. 2004); TEX. R. APP. PROC. 38.1(i).

**State's Response to the
Appellant's Third Point of Error**

The prosecutor's plea to the jury to focus on their determination of guilt or innocence rather than punishment was not improper jury argument and introduced no extraneous offenses or prior bad acts to the jury. Regardless, the trial court did not abuse its discretion in denying the appellant's motion for a mistrial because an instruction to disregard was sufficient to cure any prejudice.

## Standard of Review

When reviewing a trial court's ruling on a motion for mistrial, an appellate court must uphold the ruling absent an abuse of discretion and as long as it is "within the zone of reasonable disagreement." *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).

## I. The prosecutor's jury argument was not improper.

Proper jury argument must fall within one of four categories: "(1) summary of the evidence; (2) reasonable deduction from the evidence; (3) in response to argument of opposing counsel; and (4) a plea for law enforcement." *Borjan v. State*, 787 S.W. 2d 53, 55 (Tex. Crim. App. 1990). Argument that is improper under this standard only constitutes reversible error if it is "extreme, manifestly improper, injects new or harmful facts into [the] case or violates a mandatory statutory provision and is thus so inflammatory that its prejudicial effect cannot reasonably be cured by judicial instruction to disregard argument." *Long v. State*, 823 S.W.2d 259, 267 (Tex. Crim. App. 1991)

(quoting *Hernandez v. State*, 819 S.W.2d 806, 820 (Tex. Crim. App. 1991)).

The statement to which the appellant objects is as follows: "You don't get to consider what you think should happen to this man today, right now, because he has a second phase of trial, and during that phase you are going to hear more information. You are going to hear more information about this defendant from the State and you are going to hear more information about this defendant from the defense attorney, so you don't get to think about what you think should happen to him when you're making your decision today because you don't know the whole story about him." 5 RR 80.

The prosecutor's statement did not constitute improper jury argument. The statement introduced no extraneous offenses or prior bad acts to the jury, but rather implored the jury to focus on their determination of guilt or innocence rather than punishment. The distinction between the two phases of a criminal trial is foundational. *See generally* Tex. Code. Crim. Proc. art. 37.07. To the extent that the prosecutor was reminding the jury of their separate and distinct roles in the guilt-innocence phase and the punishment phase of the trial, then the statement would be a plea for law enforcement, well within the bounds of proper jury argument. *See Modden v. State*, 721 S.W. 2d 859, 862 (Tex. Crim. App. 1986). Prior to the portion to which trial counsel objected, the prosecutor admonished the jury that they were only permitted to use evidence of the appellant's

mental illness to determine whether he was guilty or not guilty by reason of insanity. This reminder was especially important in a case like this in which the appellant had already conceded that he had committed the assault on the victim. The potential for the mental illness evidence to be used to assess culpability instead of legal guilt is heightened in a case like this, and it makes sense that the prosecutor would have found it necessary to address it with the jury. Statements during jury argument must be evaluated in the broader context of the "entire record of final arguments [in order] to determine if there was a willful or calculated effort on the part of the State to deprive the appellant of a fair and impartial trial." *Cantu v. State*, 939 S.W.2d 627, 633 (Tex. Crim. App. 1997) (citing *Johnson v. State*, 604 S.W. 2d 128, 135 (Tex. Crim. App. 1980) (panel op.)). A statement

underlining the importance of the separateness of trial phases is hardly indicative of a "willful or calculated effort" on the part of the State to compromise the integrity of the trial. In fact, it is a willful effort to preserve it.

## II. Even if the prosecutor's argument was improper, an instruction to disregard was sufficient to cure any prejudice.

Even assuming, for the sake of argument, that the prosecutor's statement was improper in any way, the trial court did not err in denying the appellant's motion for mistrial in favor of an instruction to disregard. Mistrial is an extreme curative measure, and one only reserved for cases in which improper jury argument is "so prejudicial that expenditure of further time and expense would be wasteful and futile." *Hawkins v. State*, 135 S.W.3d 72, 77

(Tex. Crim. App. 2004) (quoting *Ladd v. State*, 3 S.W. 3d 547, 567 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1070 (2000)). Because mistrial is such an extreme measure, an instruction to disregard improper jury argument will generally suffice as a curative measure unless, in light of the record as a whole, the argument was extreme or manifestly improper, violated a mandatory statute, or injected new facts harmful to the accused. *Cooks v. State*, 844 S.W. 2d 697, 727 (Tex. Crim. App. 1992).

As discussed in the previous section, the prosecutor's statements were not manifestly improper, nor did they inject new and prejudicial facts into the proceeding. The prosecutor's statement gave the jury the same admonishment that they had been given several times before—that they should only consider the issue of guilt in

the first phase of the trial. A restatement of such a basic and foundational doctrine relevant to criminal proceedings in Texas is not improper or prejudicial in any way. Regardless, the trial court admonished the jury "to disregard the last remark of State's counsel." 5 RR 80-81. On, appeal, it is generally presumed the jury followed the trial court's instructions as given. *Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005). The trial court was correct in denying a mistrial and relying on the instruction to disregard as the proper curative measure for any minimal harm caused by the prosecutor's statement. The decision of the trial court denying a mistrial should be **affirmed**.

## Prayer

WHEREFORE, the State requests that the Court overrule all of the appellant's points of error and affirm the

48

judgment of the trial court.

Respectfully submitted,

Rosemary Lehmberg
District Attorney
Travis County

Law Clerk: Lisa Elizondo

*/s/ Rosa Theofanis*
Rosa Theofanis
Texas Bar No. 24037591
Assistant District Attorney
District Attorney's Office
P.O. Box 1748
Austin, Texas 78767
Phone: 512.854.9400
Fax: 512.854.9695
Email: Rosa.Theofanis@traviscountytx.gov
AppellateTCDA @traviscountytx.gov

## Certificate of Compliance

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), effective December 1, 2012, the State certifies that the length of this brief is 5,938 words. The State also certifies, pursuant to Texas Rule of Appellate Procedure 9.4(e), a conventional typeface 14-point was used to print this brief.

*/s/ Rosa Theofanis*
Rosa Theofanis
Assistant District Attorney

## Certificate of Service

This is to certify that the above State's brief has been served on the appellant by U.S. mail, electronic mail, by facsimile, or electronically through the electronic filing manager to his attorney, Ariel Payan, 1012 Rio Grande St., Austin, Texas 78701 <arielpayan@hotmail.com> on this 20th day of February, 2015.

*/s/ Rosa Theofanis*
Rosa Theofanis
Assistant District Attorney